WIRTH *v.* WIRTH.

WILLS—IMPLIED REVOCATION—DIVORCE.

A divorce and settlement of their property rights between husband and wife operates ipso facto to revoke his will previously made, and no subsequent act of the testator not accompanied by the solemnities requisite for the making of a valid will will revive it.

Error to Bay; Collins, J. Submitted June 19, 1907. (Docket No. 11.) Decided October 4, 1907.

Bertha Wirth presented for probate the last will and testament of Paul L. Wirth, deceased. The will was disallowed in the probate court, and proponent appealed to the circuit court. There was judgment for contestants on a verdict directed by the court, and proponent brings error. Affirmed.

*F. E. Emerick* and *James H. Davitt,* for appellant.

*John C. Weadock* and *Lee E. Joslyn,* for contestants.

MONTGOMERY, J. Paul L. Wirth and proponent, Bertha Wirth, were married in 1876. On April 1, 1892,

Paul L. Wirth made the will in question. On April 19 of the same year he deposited the will in the office of the probate judge of Bay county, where it remained until his death on November 22, 1905. The testator and his wife, the proponent, continued to live together as husband and wife until November 8, 1897, when they separated. Proponent applied to the circuit court for Bay county, in chancery, for a divorce, and on May 8, 1899, a decree was granted dissolving the marriage between them. Pending the divorce proceedings an adjustment and division of property was made between them in lieu of alimony, dower, etc., the settlement being evidenced by deeds of conveyance and by recital in the decree. The conveyances consisted of one from testator to proponent of certain property, and of a quitclaim deed from her to her husband of the remaining portion of his real estate.

These facts having appeared on the trial, the proponent offered in rebuttal to show the relationship of the parties all through their married life and up to the time of testator's death as bearing upon his intention to revoke the will; that after the divorce the testator seemed to retain his affection and respect for proponent and to realize that he alone was to blame for the separation; that he visited her and wrote her letters; and his declaration both to her and to others in relation to the balance of the property, and a declaration that he desired to have the will in question remain in the probate office and take effect after his death.

This offer of testimony presents the question whether the change in the relations of the parties to the settlement of their property affairs raises a rebuttable presumption of revocation or whether such divorce and settlement operates ipso facto to revoke the will. We think the circuit judge correctly held that the divorce and settlement revoked the will, and that the revocation was made and completed when the decree was signed, and that no subsequent act of the testator not accompanied by the solemnities requisite for the making of a valid will could revive

the instrument in question and make it a valid will.   The statute, 3 Comp. Laws, § 9270, providing the requisites for revocations of a will, contains the following:

"Excepting only that nothing contained in this section shall prevent the revocation implied by law from subsequent changes in the condition or circumstances of the testator."

In the case of *Lansing* v. *Haynes*, 95 Mich. 16, we had before us for consideration the question of whether the law implies a revocation of a will by the subsequent divorce of a husband and wife, the wife being a legatee, and the settlement of their property rights.   It was held in that case, upon full consideration, that such subsequent divorce and settlement of property rights did in law imply a revocation of the will.   These facts were not treated as facts raising a presumption of revocation open to be rebutted by testimony, for had such been the determination it would have been our duty to remand the case for a new trial, which was not done, but final judgment was entered in this court, the fact of the marriage and separation being treated as a revocation as matter of law.   It was said:

"The question is not to be controlled by a possible presumption, but by the reasonable presumption.   The possibility, therefore, that the deceased might have desired that the remainder of his property should go to his divorced wife, cannot be considered in determining the question of an implied revocation in this case."

We think the case of *Lansing* v. *Haynes* must be held decisive of the question here presented.   The judgment of the court below is affirmed, with costs.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.