## PARDEE et v GRUBISS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9966. Decided June 17, 1929

William J. Corrigan, Cleveland, for Pardee, et.

White, Hammond, Brewer & Curtis, Cleveland, for Grubiss.

Judges HUGHES & JUSTICE (3rd Dist) and WILLIAMS (6th Dist) sitting.

WILLIAMS, J.

It has been held in Ohio that a mere divorce decree does not of itself revoke the will of a husband or wife made in favor of the surviving spouse. **Charlton vs. Miller, 27 Ohio St., 298.** It is, however, an open question in Ohio whether such revocation will be effected by a divorce and full settlement of property rights.

**Sec. 10555 GC** after prescribing certain specific ways of revoking wills, provides that

"nothing herein contained shall prevent the revocation implied by law from subsequent changes in the condition or circumstances of the testator."

Similar statutes exist in many of the states and are only declarative of the common law. 4 Kent's Commentaries, 521. The matter, therefore, does not rest wholly on statute.

By the great weight of authority, where a divorce is coupled with a settlement of property rights, there is an implied revocation of a prior will in favor of the divorced spouse, whether there is such a statute or not.

Wirth vs. Wirth, 149 Mich., 687, 113 N. W., 306; Donaldson vs. Hall, 106 Minn., 502 20 L. R. A., N.. S., 1073; 130 Am. State Rep., 621; 119 N. W., 219; 16 Annotated Cases, 541, Lansing vs. Haynes, 95 Mich., 16 35 Am. State Rep., 545 54 Minn. 502; Battis' Will, 143 Wis., 234, 139 Am. St. Rep., 1101, 126 N. W., 9; In re Martin's estate, 109 Neb., 289, 190 N. W., 872.

Under the authorities cited the divorce and settlement are held to work a revocation of the will only as to the bequest or devise to the divorced spouse. The judgment of the trial court sets aside the whole will in the instant case. Anton Grubiss, however, is the only plaintiff in error and no cross petition in error has been filed. It is true that Helen Grubiss Pardee, one of the children, is named as plaintiff in error, and the averments and prayer of the petition in error purport to be those of plaintiffs in error, but no plaintiff in error, except Anton Grubiss, signs the petition in error either personally or by attorney. The children take a greater estate as heirs at law than they would as devisees under the will, for as heirs at law they receive a fee in the real estate which is not subject to the life estate of Anton Grubuss. If any of the children were here as plaintiff in error or by cross petition in error, we could not say that prejudice resulted to any of them by the judgment below under the circumstances.

We also call attention to the annotation in 25 A. L. R., 49, where the authorities are collected.

The court saw fit to submit the question whether the will was revoked to the jury, and the jury found that it had been revoked and that it was not the last will and testament of the deceased testator.

There was no reversible error committed by the trial court and the judgment entered on the verdict does substantial justice between the parties.

The judgment will therefore be affirmed.

Hughes and Justice, JJ, concur.