MOSELY *v.* MOSELY.

4-9250                                    231 S. W. 2d 99

Opinion delivered June 26, 1950.

*Louis Mishell* and *Caviness & George,* for appellant.

*Parker Parker* and *F. D. Majors,* for appellee.

GEORGE ROSE SMITH, J. This will contest presents a single question of law. In 1933 the testator, B. B. Mosely, and the appellant, Alva Mosely, were married. In 1940 B. B. Mosely executed a will by which all his property was left to Alva. In 1945 the couple were divorced, and it may be assumed that Alva received a property settlement. Mosely married the appellee Verlon Mosely in January of 1949 and died the following June without having revoked the 1940 will. The other appellees, Mosely's two brothers and heirs at law, are

the real contestants of the will, as of course Verlon Mosely is entitled to her dower whether or not the will is valid. The probate judge refused to probate the will, holding that it was revoked by the divorce and property settlement.

The Probate Code provides that if a testator is divorced after making his will, all provisions in favor of the divorced spouse are revoked. Ark. Stats. 1947, § 60-407. But here the testator died on June 28, 1949, which was three days before the effective date of the Code. § 62-2002. We must therefore follow the law as it existed before the Code took effect.

Our earlier statute provided that no will should be revoked otherwise than by another written instrument executed with the same formalities, or by burning, tearing, cancellation, obliteration, or destruction, either by the testator himself or by some other person in his presence and by his direction and consent. § 60-113. In construing this statute we have uniformly held that the only methods of revoking a will are those enumerated in the statute. For instance, a testator's direction that his son destroy a will was held ineffective where the testator did not specify, as the statute requires, that the destruction be in his presence. *Reiter* v. *Carroll*, 210 Ark. 841, 198 S. W. 2d 163.

The appellees insist, however, that Mosely's divorce and property settlement revoked the will by operation of law. This doctrine of implied revocation was developed in the English ecclesiastical courts and later adopted at common law. It was originally confined to cases in which the testator had married or had a child after the execution of the will, and to that extent the doctrine has been widely adopted by statute in this country. But whether the doctrine extends also to revocation by divorce and property settlement depends upon the statute in the particular jurisdiction. These statutes are of two types, which lead to opposite results.

In some states the statute enumerates the methods of revocation just as our earlier act did and then contains this proviso: "excepting only that nothing contained in

this section shall prevent the revocation implied by law from subsequent changes in the conditions or circumstances of the testator." This is the wording of the Michigan law, and in the leading case of *Lansing* v. *Haynes*, 95 Mich. 16, 54 N. W. 699, 35 Am. St. Rep. 545, the court held that in view of this proviso the testator's later divorce and property settlement operated as a revocation. In other states having similar statutes the same result has been reached. *In re Hall's Estate*, 106 Minn. 502, 119 N. W. 219, 20 L. R. A. (N. S.) 1073, 130 Am. St. Rep. 621, 16 Ann. Cas. 541; *Pardee* v. *Grubiss*, 34 Ohio App. 474, 171 N. E. 375; *In re Bartlett's Estate*, ·108 Neb. 681, 189 N. W. 390, 190 N. W. 869, 25 A. L. R. 39.

But where the statute does not contain such a proviso the courts have consistently held that the principle of implied revocation extends only to those changed circumstances that are expressly set forth, such as marriage or birth of issue. Consequently it is the rule in those jurisdictions that a will is not revoked by a later divorce and property settlement. *Robertson* v. *Jones*, 345 Mo. 828, 136 S. W. 2d 278; *Pacetti* v. *Rowlinski*, 169 Ga. 602, 150 S. E. 910; *In re Nenaber's Estate*, 55 S. D. 257, 225 N. W. 719. The statute we are now considering is of the latter type, and these decisions follow our own rule that the statutory methods of revocation are exclusive. We accordingly hold that Mosely's will was not impliedly revoked by the divorce proceedings.

Reversed.