54 So.2d 52 (1951)
IRELAND
v.
TERWILLIGER.
Supreme Court of Florida, en Banc.
August 21, 1951.
Summerlin & Summerlin, Winter Haven, for appellant.
Henry L. Jollay, Winter Haven, for appellee.
ROBERTS, Justice.
The sole question here presented is stated by the appellant as follows: "Is a bequest in a wife's will in the following language, to wit: `I devise and dequeath to my husband, Harry H. Ireland, the sum of One Thousand Dollars ($1,000.00) in cash' revoked by a subsequent divorce decree obtained by the wife, which decree contains the following provision: `It further appearing that the parties have made a financial settlement whereby defendant has paid to the plaintiff the sum of $1,000.00 in cash in consideration of the relinquishment by plaintiff of all claims against defendant for support money, alimony or attorney's fees: It Is Therefore Considered, Ordered and Adjudged that said settlement be and the same is hereby confirmed."
This question has not heretofore been decided by this court, although in Iles v. Iles, 158 Fla. 493, 29 So.2d 21, it was held that, construing the will there involved as a whole, it was the intention of the testator that his wife should take under the will only if she survived him as his wife, so that the legacy to the wife lapsed upon the divorce of the parties. The Iles case is not, however, authority for the proposition that a divorce between the parties revokes, by operation of law, a previous legacy to the surviving spouse, nor is it helpful in our consideration of the question here presented.
The Florida Probate Law, Chapter 16103, Laws of Florida, Acts of 1933, Chapter 731, Florida Statutes 1949, F.S.A., does not expressly provide that divorce, whether with or without a property settlement, revokes a prior will. The appellee contends, however, that in accordance with the weight of authority the doctrine of implied revocation is here applicable.
This doctrine of implied revocation was developed in the English ecclesiastical courts and later adopted at common law. It was originally confined to cases in which, in the case of a man, the testator had subsequently married and had issue or, in the case of a woman, the testatrix had married. *53 Many states have enacted into statute this common law rule, insofar as marriage and birth of children are concerned, and a few have expressly provided that divorce and a property settlement will revoke a prior will.
In the absence of statute, the decisions of those courts which have considered the question of the application of the doctrine of implied revocation where there is a divorce and property settlement fall generally into two classes, depending upon the statute in the particular jurisdiction:
(1) In some states the statute enumerates the methods of revocation and then contains this proviso: "* * * excepting only that nothing contained in this section shall prevent the revocation implied by law from subsequent changes in the conditions or circumstances of the testator," or language of similar import. The quoted language is that of the Michigan statute, How.St. § 5793, as set forth in Lansing v. Haynes, 95 Mich. 16, 54 N.W. 699, 700, in which it was held that divorce and a property settlement amount to a change in "the conditions or circumstances of the testator" so as to impliedly revoke the will executed prior thereto. Under similar statutes, the courts of other states have generally reached the same conclusion. See Donaldson v. Hall, 106 Minn. 502, 119 N.W. 219, 20 L.R.A.,N.S., 1073; In re Bartlett's Estate, 108 Neb. 681, 189 N.W. 390, 190 N.W. 869, 25 L.R.A. 39; In re Battis's Will, 143 Wis. 234, 126 N.W. 9. But see Hertrais v. Moore, et al. 325 Mass. 57, 88 N.E.2d 909.
(2) In those states, however, where the statute merely enumerates the methods of revocation without the proviso, the courts have consistently held that the principle of implied revocation extends only to those changed circumstances that are expressly set forth, such as marriage or birth of issue. Consequently, it is the rule in those jurisdictions that a will is not revoked by a later divorce and property settlement. Robertson v. Jones, 345 Mo. 828, 136 S.W.2d 278; Pacetti v. Rowlinski, 169 Ga. 602, 150 S.E. 910; In re Nenaber's Estate, 55 S.D. 257, 225 N.W. 719; Gartin v. Gartin, 371 Ill. 418, 21 N.E.2d 289; In re Darrow's Estate, 164 Pa.Super. 25, 63 A.2d 458; Mosely v. Mosely, 217 Ark. 536, 231 S.W.2d 99; Murphy v. Markis, 98 N.J. Eq. 153, 130 A. 840.
The Florida Probate Act is of the latter type, Sections 731.12, 731.13 and 731.14, Florida Statutes 1949, F.S.A., and should, we think, be governed by the same principles. As stated in Gartin v. Gartin, 371 Ill. 418, 21 N.E.2d 289, 290, "It is only fair to assume that if the legislature had intended that a divorce should effect a revocation of a will it would have so expressly provided. The action of the legislature, in expressly providing the means for effecting a revocation of a will precludes the application of the doctrine of implied revocation in case of divorce." Our conclusion in this matter is strengthened also by the fact that, in enacting the Florida Probate Act of 1933, the legislature omitted therefrom the provision, which had appeared on our statute books since 1828, that a will might be revoked "by the act and operation of law." Comp.Gen.Laws 1927, Sections 5461, 5463.
We hold, then, that the mere fact of a divorce and property settlement does not impliedly revoke a prior will or bequest, and it therefore becomes unnecessary to decide whether the wife's agreement to accept $1,000 in lieu of support money, alimony or attorney's fees, is such a property settlement as would, when coupled with her divorce, impliedly revoke the prior bequest to her then husband, within the contemplation of the statutes and decisions of those states where the doctrine of implied revocation obtains.
For the reasons stated, the judgment appealed from should be and it is hereby
Reversed.
SEBRING, C.J., and THOMAS, ADAMS and HOBSON, JJ., concur.
CHAPMAN, J., dissenting.
TERRELL, J., not participating.