57 So.2d 8 (1952)
DAVIS
v.
DAVIS.
Supreme Court of Florida, Division B.
February 15, 1952.
Thomas E. Lee and Victor P. Griley, Miami, for appellant.
Copeland, Therrel & Baisden, Miami Beach, for appellee.
CHAPMAN, Justice.
The record in this case discloses that Arthur C. Davis and Freda H. Davis married on the 11th day of July, 1922, in *9 Cleveland, Ohio, and thereafter moved to Dade County, Florida. No children were born to the marriage. On November 16, 1948, a divorce a vinculo matrimonii was entered in the Circuit Court of Dade County, Florida, divorcing Arthur C. Davis and Freda H. Davis. The decree of divorce recognized, approved and confirmed the separation agreement signed by Davis and wife. Arthur C. Davis died testate on January 12, 1950.
On September 8, 1950, the County Judge of Dade County, Florida, admitted to probate the Last Will and Testament of Arthur C. Davis and Letters Testamentary issued to Freda Heinlein Davis. Pertinent here are the following provisions of said Will:
"I, Arthur Clark Davis, of Miami, Dade County, Florida, being of sound and disposing mind and memory, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking any and all former Wills by me at any time heretofore made.
"First: I direct that all my just debts and funeral expenses be paid without unnecessary delay by my Executrix, hereinafter named and appointed. I also direct my said Executrix to pay all inheritance taxes and other governmental charges, taxes or liens imposed upon my Estate passing under the terms of this, my Last Will and Testament.
"Second: After the payment of said debts and funeral expenses and taxes aforesaid, all the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind and nature, and wheresoever situate, of which I shall die seized and possessed or to which I may be entitled at the time of my death, I give, devise and bequeath unto my beloved wife, Freda Heinlein Davis, absolutely.
"Third: I hereby nominate, constitute and appoint my said wife, Freda Heinlein Davis, the sole Executrix of this, my Last Will and Testament, and I expressly confer upon her power as such Executrix to administer my Estate, excusing her from giving any bond or making any return to any Court.
"Fourth: In the event that the above named Freda Heinlein Davis predecease me I direct that my Estate be equally divided between Lorina Heinlein Weiland and William P. Davis, share and share alike."
The separation agreement entered into between Arthur C. Davis and wife, Freda H. Davis, and later recognized, approved and confirmed by the terms of the decree of divorce, it is contended, reflects an implied intention, will and desire on the part of the testator to revoke, set aside and hold for naught the Last Will and Testament of Arthur Clark Davis dated September 24, 1942, by the terms of which Freda H. Davis was made a devisee or legatee. The County Judge of Dade County, by an appropriate order, admitted to probate said last Will and Testament, thereby holding or ruling against the contention that the testator impliedly revoked the terms of said Will as it applied to Freda H. Davis.
The appellant filed in the County Judge's Court of Dade County, Florida, a petition for clarification of the order admitting the Davis Will to probate and simultaneously prayed for an order or decree construing or interpreting the Davis Will on the point of implied revocation. An order was entered dismissing said petition and an appeal was taken to the Circuit Court of Dade County, where an order was entered, after hearing, affirming and approving the order so entered by the County Judge's Court of Dade County. An appeal therefrom has been perfected here.
We have reviewed the record, studied the briefs of counsel, heard able oral argument by counsel for the respective parties, and it is our considered opinion and conclusion that the order appealed from should be affirmed on the authority of Ireland v. Terwilliger, Fla., 54 So.2d 52.
Affirmed.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.