Lang, Appellee, *v.* Leiter, Appellant.

(No. 819—Decided December 3, 1956.)

*Messrs. Reddin & Reddin,* for appellee.
*Messrs. Adams & Bechtel,* for appellant.

Fess, J. This is an appeal on questions of law from a judgment of the Probate Court finding and adjudging that a bequest and devise by the testator to his divorced wife was revoked by implication of law as a result of the divorce. The testator, John R. Leiter, and Lucille M. Leiter were married in 1936. No children were born of such marriage. On March 12, 1948, the testator executed his will, devising and bequeathing all his property, real and personal, "to my wife Lucille M. Leiter absolutely and in fee simple." In item 3 of his will he provided as follows:

"In the event that my wife, Lucille M. Leiter, shall not survive me, then all the interest in and share of my estate heretofore bequeathed and devised to my said wife, shall, by way of substitution, pass to and vest in my nephew, Linwood Lee Smith, and my niece, Pamela Jean Lang, equally, share and share alike, absolutely and in fee simple."

On November 26, 1953, on petition of Lucille M. Leiter, she was granted a divorce from the testator on the ground that he had been guilty of gross neglect of duty, and it was decreed that the marriage contract theretofore existing between the parties be dissolved and both parties released from all obligations thereof; that the defendant be awarded the household goods now in his possession; that all real estate owned jointly

by the parties remain in title as it then was; and that the plaintiff pay the costs of the action. After the divorce, Lucille M. Leiter was remarried. The testator died August 18, 1954.

Section 2107.33, Revised Code (Section 10504-47, General Code), after enumerating the various methods by which a will may be revoked, states that "this section does not prevent the revocation implied by law, from subsequent changes in the circumstances of the testator." Section 10504-47, General Code, provided, "but nothing herein contained shall prevent the revocation implied by law, from subsequent changes in the condition or circumstances of the testator."

Determination of the question herein presented involves the construction of the statute in the light of three decisions of the Supreme Court of Ohio—*Charlton* v. *Miller, Admr.*, 27 Ohio St., 298, 22 Am. Rep., 307; *Codner* v. *Caldwell*, 156 Ohio St., 197, 101 N. E. (2d), 901; and *Younker, Exr.*, v. *Johnson*, 160 Ohio St., 409, 116 N. E. (2d), 715.

In *Charlton* v. *Miller* (1875), it was held that the mere granting of a divorce to the husband did not revoke his will (executed prior to the marriage) leaving property to his divorced wife.

Likewise, in *Codner* v. *Caldwell* (1951), supra, the court held that the granting of a divorce, coupled with a property settlement, did not impliedly revoke the will which was executed prior to the marriage.

But in *Younker* v. *Johnson* (1954), supra, a divided court distinguished the *Charlton* and *Codner cases* and held that, under circumstances of a divorce decree coupled with a full settlement of property rights, a court is warranted in finding there is, as to legacies and devises to the divorced spouse, an implied revocation of a will executed during the marriage. The court apparently distinguished the *Charlton* and *Codner cases* on the ground that the wills in those cases were executed prior to the marriages, and hence the wills were not based upon the marriage relationship. However, in the *Younker case*, the majority opinion, in referring to the *Charlton case*, says, at page 411:

"However, unlike the instant case, the will, in the first place, was executed prior to the marriage, and, secondly, there was no property settlement incident to the divorce decree.

"That decision is in uniformity with the great weight of authority."

What does the phrase, "full settlement of property rights," mean, as used in the third paragraph of the syllabus in the *Younker case?* In the *Charlton case,* the terms of the divorce decree are not reported, but it appears that the wife's application for alimony was denied. In the *Codner* and *Younker cases,* there were separation agreements making no reference to testamentary dispositions.[1]

In the *Charlton case,* the court said that "by the divorce, under the provisions of the statute * * * she was not the testator's widow at his decease," and, therefore, not entitled to dower or an election. In the instant case, as in the *Charlton case,* the wife was awarded no alimony. Notwithstanding the divorce was granted the wife for the aggression of the husband, she was awarded no alimony and the decree merely recited that the real estate owned jointly so remain.

Prior to 1932, Section 11990, General Code, provided that, when a divorce was granted because of the husband's aggression, by force of the judgment the wife should be restored to all her lands, etc., and that the husband be barred of all rights of dower therein. Prior to 1932, Section 11986, General Code, provided that the court might pronounce the marriage contract dissolved and both parties released from its obligations. But in 1932, the above provision was deleted from Section 11990, General Code, and a new paragraph was added to Section 11986, General Code, providing that, upon the granting of a petition or cross-petition, by force of such judgment each party shall be barred of all right of dower in real estate situated within this state of which the other was seized at any time during coverture. 114 Ohio Laws, 320, 477, 478. This paragraph now appears in Section 3105.10, Revised Code. It would appear reasonable to assume that the General Assembly in enacting the 1932 amendments recognized that in the absence of an award of alimony each party by force of the decree would be restored to their separately owned property, and that the provision in Sec-

---

[1] In *Pardee* v. *Grubiss,* 34 Ohio App., 474, 171 N. E., 375, and *Bornheim* v. *Roesch, Exr.,* 13 Ohio Law Abs., 180, there were predivorce settlement agreements.

tion 11986, General Code, with respect to bar of dower was sufficient, without reiterating the provisions for restoration of real estate formerly contained in Section 11990, General Code. In the light of these observations, the wife in the instant case, under the decree, received only that to which she was entitled by force of the decree itself. In that limited sense, there was a complete settlement of the property rights of the husband and wife, but it was not such a voluntary arms-length separation agreement which made evident an intent to revoke the will as was approved in the decrees in the *Codner* and *Younker cases.* The greater number of authorities support the view that where the property rights of the parties to a divorce action have been settled in contemplation or anticipation of a divorce, such a settlement, followed by a divorce, impliedly revokes a prior will of one spouse in favor of the other. See 57 American Jurisprudence, 371, Section 536, referred to in the opinion in the *Younker case.* See, also, 18 A. L. R. (2d), 705. The Supreme Court appears to recognize the necessity of a settlement agreement, independent of the decree itself, to apply the rule by employing the phrase, ''divorce decree *coupled* with the full property settlement.''

It is, therefore, concluded that the Probate Court erred in finding that, as a matter of law, the judgment of divorce revoked the will of the testator so far as it made provision for Lucille M. Leiter, and that the judgment be reversed and the cause remanded for further proceedings according to law.

Error is also assigned to that portion of the judgment ordering that all the property of the testator pass equally to his nephew Linwood Lee Smith and to his niece Pamela Jean Lang, share and share alike. It is to be observed that in the event the provision for Lucille M. Leiter is revoked by implication, since she survived the testator, the contingent devise to the nephew and niece fails and the estate passes by intestate succession. This assignment of error is, therefore, likewise sustained.

*Judgment reversed and cause remanded.*

Conn and Deeds, JJ., concur.