SKORAPA ET, PLAINTIFFS, *v.* SKORAPA ET, DEFENDANTS.

Probate Court, Cuyahoga County.

No. 596933. Decided September 20, 1961.

*Mr. Albert B. Lefton*, for plaintiffs.
*Mr. Fred P. Soukup*, for Pauline Skorapa, defendant.
*Mr. Roy Wilt*, for Roy Wilt, Admr. d. b. n. w. w. a. of estate of Bohuslav Skorapa, deceased.

MERRICK, P. J.  A recitation of facts is necessary to point up the decisions hereafter rendered in this opinion.  Barney and Pauline had been married for thirty-two (32) years when she sued him for divorce in 1959.  Ten years previous to the bringing of the divorce action by Pauline, Barney had executed the will which is the subject of this action.  January 20, 1960, four months after the commencement of the action for divorce, a decree was entered in the Common Pleas Court, granting a divorce to Pauline.  Incorporated into the decree were the various provisions of a separation agreement, including language "* * * each party is hereby barred from any and all claims by way of dower, inheritance, descent, distribution or any rights that may arise by reason of said marital relationship."

The will was admitted to probate following the death of Barney, which occurred three weeks after the entry of the divorce decree.  The will leaves Barney's entire estate to "my beloved wife, Pauline Skorapa, to be hers; absolutely and in fee simple."  There are no specific devises or bequests and "my wife, Pauline Skorapa" was nominated as executrix * * * and that no bond be required of her as such.

There was controverted testimony that the parties continued to live together after the divorce.

As a condition of the separation agreement, Pauline executed a deed of all right, title and interest in a valuable parcel of real estate to Barney.  This deed was in possession of her counsel at the time of Barney's death and was subsequently filed for record.

From the evidence, the Court is convinced that any conduct of the parties, after the divorce, did not constitute a so-called common law relationship.

Decedent left two brothers, next of kin, who are plaintiffs in this action to determine heirship and to bar Pauline from any participation in the estate.

This Court concedes that various courts outside of Ohio have arrived at opposite decisions on the impact of a divorce and separation agreement as they affect a will made during coverture. Suffice to say, the question has been answered in Ohio by the decision of the Supreme Court in the case of *Younker* v. *Johnson*, 160 Ohio St., 409. The third syllabus in that case, which is important here, reads as follows:

"Under the circumstances of a divorce decree coupled with a full settlement of property rights, a court is warranted in finding that there is, as to legacies and devises to the divorced spouse, an implied revocation of a will executed during the marriage."

The facts in the case above referred to were almost identical to the one at issue here, including the fact that the action was originally instituted in the Probate Court for the purpose of obtaining a declaratory judgment, defining the rights, if any, of the widow under the will. There was no question raised at any time during the lower court proceedings, or on either the appeal to the Court of Appeals, or the Supreme Court, as to the jurisdiction of the Probate Court to hear the question in the original instance.

Contention is made that this question is properly and exclusively within the jurisdiction of the Court of Common Pleas, under authority of the will contest statutes. A close scrutiny of those statutes may be very helpful. Beyond any doubt, the jurisdiction of the trial court in a will contest is limited to one simple question: whether or not the writing produced is the last will or codicil of the testator. Section 2741.04, Revised Code. Certainly no one can seriously contend that the jury verdict and court judgment could hold that certain bequests or devises were valid and others were not.

What would be the province of a jury and court in a will contest if the will under consideration had also contained some

devises or bequests to a person or persons, other than Pauline, the divorced wife? Could the verdict be: "Last will as to all, but Pauline?"

This situation received some consideration by the Court of Appeals of this district in the case of *Pardee* v. *Grubiss*, 34 Ohio App., 474. The question was disposed of by a syllabus which reads as follows:

"Where a divorce is coupled with settlement of property rights, there is an implied revocation of a prior will of one spouse in favor of the divorced spouse, under Section 10555, General Code (Now Section 2107.33, Revised Code), but only so far as said will makes bequest or devise to divorced spouse."

On page 476 of the opinion of the Court we find this language:

"Under the authorities cited, the divorce and settlement are held to work a revocation of the will, *only as to the bequest or devise to the divorced spouse.* (Emphasis ours.) The judgment of the trial court sets aside the whole will in the instant case * * * but no plaintiff in error except Anton * * * signs the petition in error, either personally or by attorney. The children take a greater estate as heirs at law than they would as devisees under the will, for as heirs at law they receive a fee in real state which is not subject to the life estate of Anton * * *. If any of the children were here as plaintiffs in error, or by cross-petition in error, we could not say the prejudice resulted to any of them by the judgment below under the circumstances."

What if the devisees or legatees could not take under the law of descent? Could a verdict in the trial of a will contest split the verdict, viz: the will is good as to some and revoked as to another? Under the prevailing statute, this Court thinks the judgment in the will contest could not be in such form.

It must be obvious that the legislature anticipated that circumstances and conditions and the changing of them, might affect the weight and import to be given to a will that was otherwise unassailable. In addition to the various methods by which a testator could physically cancel or destroy his will, the statute provides: "This section does not prevent the revocation implied by law, from subsequent changes in the circumstances of

the testator." Under this statutory provision come the many citations concerning situations where the testator was divorced, with or without a property settlement and the effect on the existing will of changes in the circumstances of the testator.

It is within the jurisdiction of the Probate Court to determine what passes under a will and what application of other circumstances and conditions affect or control the passing of interests under the will. The application of the *mortmain* statute is one of these, and surely, there is no question but what the Probate Court has jurisdiction to apply that statute to control the passing of devises and bequests under wills.

For the reasons stated, this Court is of the opinion that it has jurisdiction to construe this will and to determine those who are entitled to take under it. A journal may be drawn, granting the prayer of the plaintiffs, granting to them the entire estate, to the exclusion of Pauline, the ex-wife.