152 So.2d 183 (1963)
Nancy M. ROGERS, Appellant,
v.
Lucy L. ROGERS, Farris Bryant, Governor of the State of Florida, as Trustee, Tom Adams, Secretary of State, as Trustee, Richard W. Ervin, Jr., Attorney General, as Trustee, J. Edwin Larson, State Treasurer, as Trustee, Thomas D. Bailey, State Superintendent of Public Instruction, as Trustee, and Juanita Kerce, as Trustee, and Gerald F. Wilson, as Trustee, as and constituting the Board of Trustees of the Teachers' Retirement System of the State of Florida and K.D. Farris, as Director, Appellees.
No. E-10.
District Court of Appeal of Florida. First District.
April 25, 1963.
Rehearing Denied May 9, 1963.
*184 Tom E. Gilman, of Horne & Rhodes, Tallahassee, for appellant.
Louis Ossinsky, Jr., of Ossinsky & Krol, Daytona Beach, for appellee, Lucy L. Rogers.
STURGIS, Judge.
The question on this appeal is whether or not, under the Florida Teachers' Retirement System, being Chapter 238, Florida Statutes, F.S.A., the appellant, Nancy M. Rogers, who was the first wife and designated beneficiary under F.S. 238.07(13), F.S.A., of Leonard M. Rogers, deceased, is entitled to the annuity fund and death benefits accruing with respect to decedent's contract and service as a teacher in the public school system, as opposed to the claim of the administratrix c.t.a. of decedent's estate. The trial court entered a summary decree declaring that the administratrix was the proper recipient of both the accumulated contributions and the lump sum death benefit accruing to decedent under the statute, hence this appeal.
It is undisputed that the decedent and his first wife were married in Tennessee on December 26, 1920, where they resided until on or about September 20, 1946. On that date he became employed as a teacher *185 in the Florida public schools and thereafter served as such until his death. On the same date he executed an instrument stating the terms of his employment contract, in which is contained a paragraph entitled "Designation of Beneficiary", reading as follows:
"I, the undersigned, do hereby designate Mrs. Leonard M. Rogers whose address is Seymour, Tennessee, R # 1, and whose relationship to me is that of wife as the beneficiary to whom I request the Board of Trustees of the Teachers' Retirement System of Florida to pay in the event of my death before retirement on pension, the total amount of the accumulated contributions standing to my credit in the retirement system."
Said instrument also recites:
"I understand that the full amount of deductions from my compensation for annuity purposes with compound interest * * * will be paid to my beneficiary if I die in active service."
And it authorizes the Board of Trustees of the retirement system to make payment of the mentioned benefits to the designated beneficiary and agrees "that payment so made shall be a complete discharge of the claim and shall constitute a release of the system from any further obligation on account of the benefit." Although he had the unrestricted right to do so, Mr. Rogers did not change said designation of his first wife as beneficiary.
F.S. 238.07(13), F.S.A. provides:
"Should a member cease to be a teacher except by death or by retirement under the provisions of this chapter, he shall be paid the amount of his accumulated contributions. Should a member die before retirement, the amount of his accumulated contributions shall be paid to such person, if any, as he shall have nominated by written designation duly executed and filed with the board of trustees; otherwise, to his executors or administrators."
On April 30, 1947, Mr. Rogers obtained an uncontested Florida divorce from his first wife, the appellant, and on August 31, 1947, married the appellee, who is administratrix c.t.a. of his estate. In September 1947 the appellant first wife brought suit for divorce in Tennessee; and that court entered a decree holding that the Florida decree was void, granted a divorce to her, awarded to her the custody of their five children, and settled upon her certain property in Tennessee which she and the decedent had accumulated. The parties to this appeal acknowledge that the decedent and appellant were in fact divorced and the above facts are stated only for their bearing on the time of events.
On March 22, 1954, decedent executed a will which has been admitted to probate, the body of which reads:
"Due to the fact I left practically everything I owned in Tennessee to my children and their mother and since they have not recognized me as their father since my separation from their mother, I do hereby will and leave everything I own or possess and everything that may come into my possession to my present wife Lucy L. Rogers."
In resolving the question of whether or not the nomination, by a member of the system, of his wife as the person to whom the accumulated contributions to his account are to be paid pursuant to Section 238.07(13), Florida Statutes, F.S.A., is revoked by operation of law upon the divorce of the nominee and the member, the chancellor took cognizance: (1) of the fact that the accumulated contributions to the retirement fund constitute a species of property in which the member has a nonassignable vested interest, limited in character, which is exempt from state, county or municipal taxes, and from execution or attachment (F.S. 238.15, F.S.A.); (2) that upon ceasing to be a teacher the member *186 may obtain payment of the accumulations directly to himself; (3) that pursuant to F.S. 238.07(13), F.S.A., supra, he may make a disposition thereof by designating a person to whom it shall be paid at his death, failing which the payment shall be made to his estate. On that basis the chancellor determined that F.S. 238.07(13), F.S.A. was intended by the legislature to be in the nature of a testamentary measure or one dealing with the administration and distribution of the estate of a deceased member of the system, and that the policy of the law as expressed by the legislature in probate matters should be applied to the facts here involved, even though not expressly declared by statute to be pertinent. Having developed these concepts, he treated decedent's said designation of appellant as beneficiary as being in the nature of a will and applied thereto F.S. 731.101, F.S.A. which provides that "All wills offered for and admitted to probate * * * made by husband or wife who have been divorced from each other subsequent to the date of said will, shall be made null and void by means of said divorce insofar as said will affects the surviving divorced spouse." It is upon this rationale that the chancellor held that the recipient of both the accumulated contributions and the lump sum death benefit here involved (the latter under F.S. 238.07(16) (b), F.S.A.) is the administratrix c.t.a. of decedent's estate and ordered payment to be made accordingly. We do not agree with that conclusion.
The benefits provided for the designated beneficiary under F.S. 238.07(13), F.S.A. are in the nature of the proceeds of an annuity or life insurance contract. Therefore, disposition thereof is controlled by the general rule governing such contracts, which is to say: In the absence of a contract provision or statute to the contrary, the rights of the beneficiary are in no way affected by the mere fact that the parties are divorced subsequent to the making of the contract. Vol. 29A, Am.Jur., p. 723 (Insurance, Sec. 1642). Although the chancellor recognized this rule, he concluded that the control which the member has over the accumulated contributions, particularly the right to refund upon ceasing to be a teacher prior to death or retirement, renders that concept less applicable to F.S. 238.07(13), F.S.A. than that of a testamentary disposition of property owned by the member. While that concept is not implausible, we are of the opinion that the overriding fact under Chapter 238, F.S., F.S.A., is that the Teachers' Retirement System primarily contemplates benefits more in the nature of an annuity than of a strict property interest in the accumulated fund. The fact that when a member ceases to be a teacher, except by death or retirement, he is entitled to be paid the amount of his accumulated contributions is comparable to provisions usually found in modern life insurance contracts fixing a cash sum to be paid to the insured upon surrender of the contract. Under the system, as with most life insurance contracts that are owned by the person on whose life maturity of the policy depends, the teacher has an absolute right to change the beneficiary. However, this does not in any manner affect the contractual character of the transaction between the insurer and the insured; it is consonant therewith. We know of no practical or legal reason for applying a different rule to the fund accumulated in favor of a teacher under the retirement system, and the statutes do not provide such.
In Ireland v. Terwilliger, 54 So.2d 52 (Fla. 1951), decided prior to the enactment of F.S. 731.101, F.S.A., followed in Davis v. Davis, 57 So.2d 8 (Fla. 1952), it was held that the mere fact of a divorce and property settlement does not impliedly revoke a prior will or bequest. In so holding, the Florida Supreme Court subscribed to the view announced in Gartin v. Gartin, 371 Ill. 418, 21 N.E.2d 289, 290:
"It is only fair to assume that if the legislature had intended that a divorce should effect a revocation of a will it *187 would have so expressly provided. The action of the legislature, in expressly providing the means for effecting a revocation of a will precludes the application of the doctrine of implied revocation in case of divorce."
The implication of these decisions is that in the absence of clear legislative intent, the courts will not create or destroy a testamentary disposition on the theory that the result accords with the natural desires of the deceased. These decisions provoked the enactment of F.S. 731.101, F.S.A.
We will not invade the legislative prerogative by ascribing to F.S. 238.07(13), F.S.A. a purpose not clearly expressed therein, especially in view of the contractual character of the transaction between the decedent and the school authorities in this case.
Appellee insists that the will admitted to probate expresses an intent of the decedent contrary to the designation of beneficiary contained in the employment contract. Assuming such is correct, the argument is unavailing because we treat the designation of the appellant as beneficiary under the act as having the same attributes as such designation under an annuity or life insurance contract.
Appellee also insists that decedent's designation of "Mrs. Leonard M. Rogers, my wife, of Seymour, Tennessee," as beneficiary, is not effective to relate to the appellant, Nancy M. Rogers, because after divorce of the first wife and decedent's marriage to the appellee, his second wife, she became the "Mrs. Leonard M. Rogers" referred to in the employment contract. This is a specious argument. The intent of the decedent at the time of the designation controls and he unquestionably had reference to Nancy M. Rogers, his then wife.
Appellee cross-assigns error on the ground that the court erred in denying her motion to tax the costs against the defendants. In chancery proceedings costs should be awarded as justice of the case may require. We find no abuse of discretion on the part of the chancellor in denying said motion. See Akins v. Bethea, 160 Fla. 99, 33 So.2d 638. See also F.S. 87.09, F.S.A. which specifically confers on the court in declaratory proceedings the right to exercise its sound judicial discretion in the awarding of costs.
For the reasons stated, the decree appealed must be and it is reversed, with directions to enter summary decree in favor of the appellant, Nancy M. Rogers.
Reversed and remanded with directions.
CARROLL, DONALD K., C.J., and WIGGINTON, J., concur.