GRIMES, Judge.
By petition for writ of certiorari we are asked to review an order of the Division of Retirement (Division), the crux of which is a finding that petitioner is a member of the Teachers’ Retirement System rather than the Florida Retirment System (FRS).
On August 20, 1964, petitioner, a Pinel-las County school teacher, joined the Teachers’ Retirement System. After teaching for more than ten years, petitioner was placed on terminal sick leave, effective November 2, 1974. On November 6, 1974, petitioner notified his employer, the School Board of Pinellas County, in writing of his election to transfer to FRS, effective January 1, 1975.
Petitioner’s sick leave expired January 31, 1975. On the basis of petitioner’s salary for the month of January, the School Board remitted $85.18 to FRS to be credited to petitioner’s retirement account. Upon application, however, petitioner was denied FRS disability retirement benefits. Petitioner then sought an administrative determination of his retirement system membership. The order of the Division about which petitioner complains recites that petitioner failed to consummate the transfer to FRS by “rendering a service to his employer after the date his transfer was to become effective,” and, further, that petitioner was ineligible for membership in FRS because he “terminated his teaching career on November 1,1974.”
Petitioner argues that he is entitled to FRS membership because he complied with F.S. § 121.051 (2) (a)4 (1974), which provides in pertinent part:
“4. Any . . . employee who was a member of an existing system on December 1, 1970, and who is still a member of an existing system . . . may elect, if eligible, to become a member of this system [FRS] at any time between September 1, 1974, and November 30, 1974, inclusive, by notifying his employer in writing of his desire to transfer membership from the existing system to this system. . . . All members electing to transfer during the transfer period shall become members of the Florida Retirement System on January 1, 1975 . .” (Emphasis added)
We shall discuss the contentions of the Division in turn. First, the Division suggests that the legislature has recognized two distinct classes of retirement system members, i. e., “members” and “terminated members,” and that F.S. § 121.091 (5) (e) (1974) refers to terminated members as those who are “no longer employed by an employer.” The Division argues that there is no provision of the law which allows a “terminated member” to transfer to FRS, and that since petitioner "terminated” his services on November 1, 1974, he could not thereafter become a member of FRS. The fallacy of this position is that petitioner was paid a salary through January 31, 1975, the date on which his sick leave expired. Clearly, petitioner was still “employed” by the School Board on November 6, 1974, when he elected to transfer to FRS. •
Further, the Division argues that pursuant to its rule-making power (F.S. § 121.-031), it has adopted Rule 22B-1.04A., Florida Administrative Code, which provides:
“A. Participation in the Florida Retirement System shall be compulsory as a condition of employment for:
% ‡ *
3. All members of the Teachers’ Retirement System . who elect to transfer to the Florida Retirement System in accordance with the procedures established by the Administrator.” (Emphasis’ added.)
*564 The Division contends that the petitioner failed to follow one of the “procedures” established by the administrator to effect a transfer to FRS, namely that he must:
“Consummate the transfer by assuming the status of a ‘member’ of the Florida Retirement System (i. e., actually participating in the system by rendering a service to the employer after the effective date of the transfer and earning a salary under the system upon which a retirement benefit could be based).”
Under F.S. § 121.031, the rule-making power of the Administrator of FRS is limited to “such rules and regulations as are necessary for the effective and efficient administration of this system.” (Emphasis added.) Rule 22B-1.04A. provides that the administrator may establish “procedures” by which teachers may transfer to FRS. We do not regard the substantive requirement that one actually perform services after the date of his transfer in order to qualify for FRS membership as a “procedure.” This is particularly so since F.S. § 121.051(2) (a)4 (1974) contains no such requirement.
Finally, the Division argues that the .legislature did not intend salary payments for accumulated sick leave to affect the membership status of an otherwise terminated employee. As authority for this proposition, the Division cites F.S. § 121.-021 (24), which provides:
“ . . . The payment for accumulated sick leave, whether paid as salary or otherwise, shall not be used in the calculation of the average final compensation.”
This contention is without merit because the foregoing definition pertains to the determination of the amount of benefits a retiree shall be entitled to receive. We are concerned with petitioner’s eligibility for the system, not the amount of benefits he may receive.
We think the facts as related demonstrate that the petitioner has complied with the provisions of F.S. § 121.-051 (2) (a)4 (1974) and is entitled to membership in FRS. “Employee” is defined in F.S. § 121.021(11) as “any person receiving salary payments for work performed in a regularly established position . . . .” On the date of petitioner’s election to transfer to FRS, he was receiving a salary. The fact that he was on sick leave at the time is of no moment. Petitioner had earned the sick leave he enjoyed through services already rendered. In truth, the payments received by petitioner while on sick leave were for “work performed.” Further, petitioner was a “member” of the Teachers’ Retirement System, an “existing system” as defined in F.S. § 121.021(2), on the date he informed his employer of his election to transfer to FRS.
We are aware of FRS's need to conserve and protect its assets. It does seem a bit unfair to allow one to “jump” to FRS, which provides more generous benefits than the Teachers’ Retirement System, on the eve of his retirement. Yet, this result must have been contemplated in the passage of F.S. § 121.051 (2) (a)4 (1974) because, under this statute, there is nothing to prevent a teacher from electing to transfer one day, working the next, and then retiring the very next day. Even under the Division’s theory of this case, such a teacher would clearly be entitled to FRS membership.
Petitioner elected to transfer during the statutory period and duly notified his employer. The statute is mandatory: all persons complying with it “shall” become members of FRS, effective January 1, 1975. Petitioner complied with F.S. § 121.051(2) (a)4 (1974) in electing to transfer to FRS and is, therefore, entitled to FRS membership.
The writ is granted, the order of the Division is quashed, and the cause is remanded for further proceedings consistent herewith.
*565 McNULTY, C. J., and SCHEB, J., concur.