350 So.2d 102 (1977)
Anna L. AUSTIN, Appellant,
v.
Carolina G. AUSTIN, a/K/a Mrs. T.E. Foster, and Department of Administration, Division of Retirement, Appellees.
No. EE-320.
District Court of Appeal of Florida, First District.
September 14, 1977.
Rehearing Denied October 18, 1977.
*103 Leslie Telford and Richard E. Nelson of Nelson, Hesse, Cyril & Weber, Sarasota, for appellant.
Stephen S. Mathues, Tallahassee, for appellee Division, State of Fla. Employee.
Thomas M. Gallen of Miller, Gallen, Kablis & Venable, Bradenton, for appellee Foster.
McCORD, Chief Judge.
This is an appeal from a final judgment directing that state retirement benefits of Robert S. Austin, deceased, be paid jointly by appellee Department of Administration to the three beneficiaries designated by him  appellee Carolina G. Austin, a/k/a Mrs. T.E. Foster (his former wife) and her and decedent's children, Robert S. Austin, Jr., and Christy Ann Austin. Appellant Anna L. Austin, who was decedent's wife at the time of his death, contends that the trial court erred in not directing that decedent's retirement benefits be paid to her as decedent's widow. While we disagree in part with the trial court's construction of the law in arriving at the final judgment, we agree with the judgment and therefore affirm.
On February 16, 1947, decedent became an employee of the State of Florida and continued as a state employee until his death on August 9, 1974. When decedent became a state employee, he automatically became a member of the State and County Officers and Employees Retirement System under Chapter 112, Florida Statutes. On August 11, 1947, he executed a beneficiary form designating his then wife Carolina (now Mrs. T.E. Foster) as his beneficiary. Subsequently on February 2, 1955, he executed a new beneficiary form and designated in sequence "as beneficiary to receive all amount of money as provided under the retirement system laws," Carolina and their *104 two children, Robert S. Austin, Jr., and Christy Ann Austin. On October 16, 1963, decedent and Carolina were divorced, and he was awarded custody of the two minor children. On June 4, 1964, decedent married appellant Anna L. Austin. On December 1, 1970, he transferred from the State Officers and Employees Retirement System to the newly created Florida Retirement System under Chapter 121, Florida Statutes (1971) [now Chapter 121, Florida Statutes (1975)]. He died on August 9, 1974, and at no time prior to his death did he execute another designation of beneficiary form nor did he cancel or terminate the designation form executed on February 2, 1955. The final judgment directed that his total contributions to the retirement fund ($11,918.98) be paid by the Department of Administration jointly to the three designated beneficiaries  Carolina and their two children.
Appellant contends that decedent's transfer from the State Officers and Employees Retirement System to the subsequently created Florida Retirement System invalidated his previous designation of beneficiaries which he made while a member of the State Officers and Employees Retirement System; that because such designation is no longer valid, he died without designated beneficiaries and as his widow she is entitled to retirement benefits as provided in the Florida Retirement System. DOA contends, and the trial court ruled, that the February 2, 1955, designation of beneficiaries is not invalid and therefore appellant is not entitled to retirement benefits.
Chapter 121 allowed an officer or employee who was a member of an existing system to transfer to the new Florida Retirement System (§ 121.051) and directed that all persons electing to transfer to the new system "shall be transferred on July 1, 1972." The new Florida Retirement System Act was silent as to redesignation of beneficiaries by those who had designated beneficiaries in the state system from which they transferred. It did affirmatively provide, however, that: "The rights of members of the retirement systems established by chapters 122, 138, and 321 shall not be impaired, nor shall their benefits be reduced by virtue of any part of this chapter ..." [§ 121.011(3)(a)].
At the time the deadline for transfer from an old system to the Florida Retirement System arrived, over 180,000 members of other systems had transferred to the new system, and none of the members who transferred were required by the Division of Retirement to file new designations of beneficiaries. The Division was without authority to require any affirmative act of a transferee other than execution of a transfer ballot. See Steinhardt v. State, Dept. of Admin., Division of Retirement, 318 So.2d 562 (Fla. 2 DCA 1975). Since its enactment, the Division of Retirement has construed the new Florida Retirement System Act as not to require a new designation of beneficiary by the approximately 180,000 transferees and construed it as not invalidating previous designations. The law is well settled that long-standing statutory interpretations made by officials charged with the administration of the statutes are given great weight by the court. See Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788 (Fla. 1952); Green v. Hood, 120 So.2d 223 (Fla. 2 DCA 1960); State ex rel. Volusia Jai-Alai, Inc. v. Ring, 122 So.2d 4 (Fla. 1960); Warnock v. Florida Hotel and Restaurant Commission, 178 So.2d 917 (Fla. 3 DCA 1965); Kirk v. Western Contracting Corporation, 216 So.2d 503 (Fla. 1 DCA 1969); Metropolitan Dade County v. Maddox, 242 So.2d 165 (Fla. 3 DCA 1971); State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973). The trial judge correctly ruled that the previous designation of beneficiaries by decedent remained valid until his death. The divorce of decedent and Carolina had no effect on his previous designation of her as a beneficiary and any subsequent expressions of intent contrary to such designation is irrelevant. See Rogers v. Rogers, 152 So.2d 183 (Fla. 1 DCA 1963).
On January 20, 1972, the Division of Retirement issued a pamphlet entitled "Special Interest Features of the Florida *105 Retirement System, Chapter 121, Florida Statutes." It was an explanation by the Division of the features of the new Florida Retirement System. A copy of this pamphlet was found in decedent's personal effects after his death, and a statement therein under the heading "Other Death Benefits" was underlined. The underlined sentence followed a statement that if the member were eligible to retire on the date of death, the surviving spouse would have a choice of lump sum refund of contributions or a lifetime monthly benefit. The underlined sentence stated that the surviving spouse would receive benefits "even if the surviving spouse is not the designated beneficiary." Although this was an erroneous statement of the law, appellant contends that the Division is bound by the statement; that the trial court erred in not requiring the Division to pay retirement benefits to appellant in accordance with the statement; that the Division is estopped to deny retirement benefits to appellant. There is no evidence, however, that decedent changed his position in any way in reliance upon the statement nor is there any evidence as to who marked the pamphlet. Administrative officers of the state cannot estop the state through mistaken statements of the law. See Greenhut Construction Co., Inc. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1 DCA 1971); Hughes v. Illinois Public Aid Commission, 2 Ill.2d 374, 118 N.E.2d 14 (1954); Brown v. Richardson, 395 F. Supp. 185 (D.C.W. Pa. 1975).
By cross-assignment of error, DOR contends that the trial court erred in ruling that Carolina and her two children would share equally under decedent's designation of the three as beneficiaries. § 121.091(8), Florida Statutes (1975), provides in part:
"Each member may ... designate a choice of one or more beneficiaries, named in sequence, to receive the benefits, if any, which may be payable in the event of his death pursuant to the provisions of this chapter. (Emphasis supplied.)
Decedent designated the beneficiaries in question as follows:
"I hereby designate (1) Carolina G. Austin (2) Robert S. Austin, Jr. (3) Christy Ann Austin as beneficiary to receive all amount of money as provided under the state retirement system law."
The trial court, while recognizing that the statute regarding designation of beneficiaries as quoted above reads "named in sequence" ordered that all three named beneficiaries would share equally in the lump sum of decedent's retirement contributions. Appellee DOR has uniformly interpreted the phrase "named in sequence" to mean that the first-named beneficiary, if living, is entitled to all of the proceeds; that if that beneficiary predeceases the member or waives the benefit, the second named beneficiary would then become eligible, and so forth. We agree with appellee DOR that this is the correct interpretation of the statute. The definition of "sequence" as found in The American Heritage Dictionary (1973) is as follows:
"1. A following of one thing after another; succession. 2. an order of succession ..."
Webster's New Collegiate Dictionary (1975) also defines the term as "order of succession."
While the interpretation of the trial court is not of great significance in this case since only a lump sum payment is involved, it would create a difficult if not impossible problem where a monthly annuity is to be paid. The options provided in the statute specifically provide for annuities to be paid based on the joint life expectancies of two people [§ 121.091(6)] but does not provide for paying annuities based on more than two lives. It would be a mathematical nightmare to attempt to calculate benefits based on the life expectancies of three or more persons and the legislature undoubtedly had this problem in mind when it provided for designation of beneficiaries in sequence. We therefore construe the phrase "named in sequence" to mean that the first-named beneficiary, if living shall receive all of the proceeds and if that beneficiary predeceases the member, or waives the benefit, the second-named beneficiary would then *106 become eligible, and so forth. In the case sub judice, however, Carolina agreed that the lump sum payment be divided equally between her, Robert S. Austin, Jr., and Christy Ann Austin. We find no error in the trial judge requiring the Division of Retirement to divide the lump sum payment between the three of them.
The judgment is affirmed.
RAWLS and SMITH, JJ., concur.