PARRISH, Commissioner,
concurring specially.
In light of my lengthy dissent in Heath v. School Board of Orange County, 5 FPER ¶ 10074 (1979), I feel it only appropriate that I explain my concurrence in the instant case. Since the issuance of the Heath decision (which was not appealed), the Florida Legislature has met in regular session three times. During those three sessions there have been a number of amendments to various sections of Part II of Chapter 447 of the Florida Statutes, but there has been no effort at modification of the statutory provisions relied upon in the Heath case in either the majority opinion or the dissent. I think it is reasonable to presume that the Legislature is aware of the construction which has been placed on its enactments in the area of public sector collective bargaining by the agency charged with the administration of those enactments; especially where the issue is a significant one. Having engaged in that presumption, I think it is reasonable to construe the legislative silence on this issue during three consecutive *844 sessions as a legislative ratification of the interpretation given to the applicable statutory provisions by the majority in the Heath case; or, at least, as a legislative acquiescence in the agency’s interpretation.[6] Accordingly, although I continue to believe that the dissent in the Heath case was correct when written, I am now persuaded by three sessions of legislative silence that the majority view in the Heath case has proven to be a correct interpretation of the legislative will.

. Although I have found no case precisely on point, I believe there is abundant support for this proposition when cases such as State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson, 286 So.2d 529 (Fla.1973), (“When the Legislature reenacts a statute it is presumed to know and adopt the construction placed thereon by the State tax administrators.”) are read together with cases such as Walker v. State, Dept. of Transportation, 366 So.2d 96 (Fla. 1st DCA 1979), and Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977) (Long-standing statutory interpretations made by officials charged with the administration of the statutes are given great weight by the courts.).