DELL, Judge.
Appellant, Freda Fay Edwards, challenges the denial of her claim for accumulated contributions made to the Florida Retirement System by her deceased father. We affirm.
Appellant’s father, Worth Edwards, a Broward County sheriff’s deputy with more than twelve years service, died in the line of duty. The decedent had been a special risk member of the Florida Retirement System. Prior to his death he named appellant, his adult daughter, as his designated beneficiary pursuant to Section 121.-091(8), Florida Statutes (1981). Two other adult children and three minor children also survived the decedent.
Appellant applied for benefits as the decedent’s designated beneficiary. The Division of Retirement of the Department of Administration (the Division) denied appellant’s claim and informed appellant that the special provisions of Chapter 121 governing payments of benefits for members killed in the line of duty, Section 121.091(7)(c), required payment of the death benefits for the use of the decedent’s minor children. The Division determined that Section 121.-091(7)(c) took precedence over Section 121.-091(7)(b) which provides that the designated beneficiary shall receive accumulated contributions in the event a retired member dies without having received an equivalent amount in benefit payments. The Department of Regulation denied appellant’s petition for review.
Appellant contends that the Division’s interpretation that line-of-duty deaths shall be treated differently from other deaths infringes upon her constitutional and contractual right to decedent’s accumulated contributions.
We note at the outset that appellant did not establish that any accumulated contributions will exist after the payment of benefits to the decedent’s minor children pursuant to Section 121.091(7)(c). Rather, she seeks payment of the decedent’s accumulated contributions in addition to the amount of benefits which the decedent’s minor children will receive. We find her position without merit for several reasons.
The benefits paid to a surviving spouse or to a member’s minor children as a result *1031 of the member’s death occurring in the line of duty does not result from administrative action of the Division. The statute provides a special benefit to a decedent’s surviving spouse and/or the decedent’s surviving minor children, without regard to the decedent’s time of service. We do not construe this provision of Chapter 121 as creating a special fund as appellant contends, but rather we construe this section as creating a special benefit. Chapter 121 provides for the payment of benefits from a single fund created by contributions from members of the fund and contributions paid by the member’s employer (as defined in Sections 121.021; 121.061; and 121.071, Florida Statutes (1981).
We find Rogers v. Rogers, 152 So.2d 183 (Fla. 1st DCA), cert. denied, 155 So.2d 695 (Fla.1963), inapplicable to the facts before the Division in the case sub judice, since appellant has not demonstrated here or before the Division that any accumulated contributions will remain after payment of benefits to the decedent’s minor children. Therefore, we need not reach the question of appellant’s entitlement to the balance, if any, of decedent’s contributions to the fund after payment of benefits to the decedent’s minor children pursuant to Section 121.-091(7)(c).
Accordingly, we affirm the decision of the Department of Regulation.
AFFIRMED.
ANSTEAD, C.J., and BERANEK, J., concur.