**PAULINE ILES v. MALVERN W. ILES**

29 So. (2nd) 21
February 11, 1947

January Term, 1947
Special Division A

494

·*P. B. Huff,* and *Dowda & Millican,* for appellant.

*H. E. Merryday,* for appellee.

CHAPMAN, J.:

The appellant, Pauline Iles, and Thomas J. Iles married on May 28, 1915, and lived together as husband and wife until the month of September, 1941, when they became estranged and lived apart. Subsequently the wife instituted suit and obtained a decree of divorce against her husband, Thomas J. Iles, on April 2, 1942. On June 21, 1942, Thomas J. Iles was drowned and at the time of his death left neither spouse nor child surviving. He owned certain real property situated in Putnam County, Florida, upon which the divorced persons resided until the separation. The parties likewise accumulated described personal property. Prior to his death Thomas J. Iles, on August 28, 1924, executed a will in the usual form and the divorced wife, Pauline Iles, filed in the Circuit Court of Putnam County a bill of complaint praying for a judicial construction or interpretation of the last will and testament of Thomas J. Iles, deceased.

Pertinent portions of the will are viz.:

"III. Unto my beloved wife, Pauline Iles, in case she survives me, and not otherwise, I give, devise and bequeath all of the real estate which I may own, situated in the State of Florida, together with all the appurtenances thereunto be-

longing, including all live stock, and farm, and orchard, machinery, implements and equipment, as well as all personal property of every nature and kind, including household furniture, silverware, furnishings and equipments, had, used or kept therein.

"I further give and devise unto my said wife the proceeds of all life insurance policies in force and effect at the time of my decease, whether payable to myself or to my estate.

"The foregoing bequests shall be taken and accepted by my said wife in lieu of her dower or other interest which she may have in and to my said Estate."

"V. In the event my said wife, Pauline, does not survive me and I leave lawful issue from my body surviving, then and in that event the whole of my said estate, real or personal, and wherever situated, I give, devise and bequeath unto such children, share and share alike, to have and to hold forever."

"VI. In case my said wife, Pauline, should not survive me and I leave no lawful issue of my body surviving, then I direct that my entire said estate shall pass as follows:

"(a) Unto my brother, Malvern W. Iles, of Davenport, Scott County, State of Iowa, I hereby give and bequeath such of my estate as is mentioned in Paragraph III of this, my Will; to have and to hold in his own right forever.

"(b) The remainder of my said estate I give, and bequeath unto Joe R. Lane, of Davenport, County of Scott, and State of Iowa, as Trustee, for the following uses and purposes, to-wit: My said Trustee shall, at his discretion, keep said Trust Estate invested in interest or dividend bearing securities and use therefrom, as required, for the education (Collegiate or High School, as my said Trustee may decide) of the children of my brother, the said Malvern W. Iles.

"And there being any surplus or unexpended balance of said Trust Estate remaining in my said Trustee's hands upon the completion of the education of said children as aforesaid, then I direct that any surplus or balance be distributed among the said children, share and share alike to have and to hold forever.

"In the event this provision (b) of my said Will shall become ineffective or inoperative by reason of the death of all

of said children, then I direct that said Trustee Estate or the remaining part thereof be distributed and paid over to my said brother, Malvern W. Iles, to have and to hold in his own right forever."

The Chancellor below, in construing the will, held that the several gifts to Pauline Iles under the third paragraph or division of the last Will and Testament of Thomas J. Iles were conditioned upon her surviving the testator as his wife and not otherwise, and, as a consequence of the decree divorcing Pauline Iles and Thomas J. Iles, she became legally incapacitated to take any of the gifts enunciated in paragraph III *supra;* that upon the death of Thomas J. Iles all of the real and personal property of which he died seized and possessed situated in Florida became and was vested in the defendant, Malvern W. Iles, in his individual right and capacity. It is contended by counsel for the appellant that the construction placed on paragraph III, *supra,* by the Chancellor is erroneous.

An answer to the following question will be decisive of this controversy; Whether or not gifts to Pauline Iles, under the third division of said will, were conditioned upon her surviving the testator as the testator's wife, and not otherwise; and as a consequence, whether or not by the divorce decree, the said Pauline Iles became incapacitated to take any of the gifts mentioned and described in said division three of said will; and whether or not such gifts lapsed as a result thereof:

In construing a will, it is the intention which the testator expresses in the will that controls and not that which he might have had in mind when the will was executed. Howe v. Sands, 141 Fla. 813, 194 So. 798. The lodestar to be followed by the courts in construing a will is the testator's intent as gathered from what was written in the will. Wallace v. Julier, 147 Fla. 420, 3 So. (2nd) 711. If a will contains expressions which are difficult to reconcile, then situation of the testator at the time he made his will, the ties that bound him to the objects of his beneficence, the motives that prompted him to make the will and the influences that wrought on him at the time may be considered in arriving

at the intention of the testator. Robert v. Mosely, 100 Fla. 267, 129 So. 835.

After a careful study of the last will and testament of the testator, the conclusion is inescapable that Thomas J. Iles clearly intended to adequately provide for all his dependents who at the time of the execution of the will on August 28, 1924, had a legal or moral claim to his bounty. Each step taken thereafter by the testator, as reflected by his will, was designed to obtain these objectives. First: "Unto my beloved wife, Pauline Iles, in case she survives me, and not otherwise, I give, devise and bequeath . . ." the property described in paragraph III of the will. Second: "In the event my wife, Pauline, does not survive me and I leave lawful issue from my body surviving, then and in that event the whole of my estate . . . . "I give, devise and bequeath unto such children, share and share alike, to have and to hold forever." See Paragraph V of the Will. Third: "In case my wife, Pauline, should not survive me and I leave no lawful issue of my body surviving, then I direct that my entire estate shall pass as follows: (a) Unto my brother, Malvern W. Iles . . . I hereby give and bequeath such of my estate as is mentioned in paragraph III of this will to have and to hold in his own right forever." Fourth: the legal right of Pauline Iles to share in the estate of Thomas J. Iles under paragraph III was conditioned upon her surviving him as his wife. It affirmatively appears by the record that the appellant was not the wife of the testator at the time of his death and the lower court so held.

Counsel for appellant pose for adjudication the following question and cite many reputable authorities from other jurisdictions to support their contention: Q. Does a divorce decree in a proceeding where no alimony or property settlement is ordered by the court revoke a will devising property to a former wife in the following language, "unto my beloved wife, Pauline Iles, in case she survives me, and not otherwise." An examination of our adjudicated cases fails to disclose a single case holding that a divorce decree causes a legacy to lapse. Stated differently, this is an unsettled question in Florida. The Chancellor below held that it was clearly the

intention of the testator, gleaned from a study of the four corners of the document, to provide for such dependents as were naturally entitled to his bounty, and named his wife, then issue of his body, if any, and if neither class existed at the time of his death, then his brother, Malvern W. Iles, should receive the property. It is conceded that no children survived, neither was he survived by a wife, as the divorce decree of April 2, 1942, dissolved the bonds of marriage and she did not survive him as a wife.

Affirmed.

THOMAS, C. J., TERRELL, J., and FABISINSKI, Associate Justice, concur.