97 So.2d 875 (1957)
Elizabeth L. PANCOAST, Appellant,
v.
Mary L. PANCOAST, as Successor Trustee of the Sarah N. Pancoast Estate, and R.H.C. Pancoast and Harry M. Pancoast, Jr., et al., Appellees.
No. 91.
District Court of Appeal of Florida. Second District.
October 23, 1957.
O.K. Reaves of Mabry, Reaves, Carlton, Fields & Ward, Tampa, and William H. Corum, Winter Haven, for appellant.
Reeves, Allen & Dell, Tampa, and Trinkle & Moody, Plant City, for appellees Mary L. Pancoast, R.H.C. Pancoast, and Henry M. Pancoast, Jr.
PLEUS, Judge.
This was a declaratory action seeking a decree construing the will of Sarah N. Pancoast which will was dated June 3, 1938 and admitted to probate May 3, 1945.
The testatrix who died April 14, 1945, left surviving her husband Harry M. Pancoast and three sons, B.K., R.H.C., and Harry M. Pancoast, Jr. Her husband remarried and died intestate September 1, 1954, leaving surviving him his second wife *876 Mary L. Pancoast and two of the three sons, R.H.C. and Harry M., all of whom were defendants below and are appellees here. The son, B.K. Pancoast, first married and then divorced Pearl Pancoast and by her had two daughters, Florence E. Wilkins and Juanita Secrest, intervenors in the court below and appellees here. Following his divorce from Pearl, the son, B.K., married Elizabeth L. Pancoast and thereafter died intestate August 29, 1946, leaving as survivors his said two daughters by his first wife and his second wife, Elizabeth, who was the plaintiff below and appellant here.
Motions for summary decree were filed by the plaintiff, the defendants, and the intervenors, and upon such motions being heard, the learned chancellor entered final declaratory decree construing the terms of the will. The same being unfavorable to plaintiff she has appealed.
In view of our holding on the propriety of entering a summary decree in the posture of the case below we do not deem it necessary to deal with the terms of the will and the possible or permissible interpretations that might be placed thereon.
At the outset it is conceded that a declaratory action seeking a decree construing the terms of a will is proper. Section 87.02, Florida Statutes 1955, F.S.A. We concede also that by the express provisions of 30 F.S.A., Rule 1.36, 1954 Rules of Civil Procedure, summary decree may be obtained in a declaratory action.
It must be borne in mind, however, that in order to obtain a summary judgment or decree there must be not only an absence of any genuine issue as to any material fact but also the moving party must be entitled to a judgment or decree as a matter of law. Thus it is that even though all parties involved move for such judgment or decree, the court is not necessarily obliged to enter the same. Shaffran v. Holness, Fla. 1957, 93 So.2d 94.
The language used by the testatrix in the will involved and viewing the entire will immediately raises serious doubts and renders the intention of the testatrix obscure. There being such doubt and obscurity resort was made to the rules or canons of testamentary construction. By employing specific canons and ignoring others the will could be the subject of four or five different interpretations, each carrying its own result as to the disposition of the property and the rights of the parties to this cause. Which of these canons to adopt and whether any may be specifically applicable can therefore be determined only if the terms of the will be read in the light of all the circumstances surrounding the testatrix at the time of its execution. We believe therefore and so hold that the court below should not have entered summary final decree without first requiring the development of all the facts and circumstances surrounding the testatrix at the time the will was executed so as better thereby to determine the intent of the testatrix in using the language she employed and thus finally to determine the correctness of his decree as a matter of law.
The fundamental and controlling axiom is to ascertain and effectuate the intention of the testator as gathered from what was written in the will. Wallace v. Julier, 1941, 147 Fla. 420, 3 So.2d 711. In order to do this the court should as nearly as humanly possible try to put itself in the place of, or the armchair of, the testator. To accomplish this it is proper to consider all circumstances surrounding the execution of the will, the condition, nature, and extent of the property devised, the testator's relationship and attitudes toward the members of his family and to the beneficiaries of the will, their financial condition and in general the relationship between all the parties concerned, including, as in this case, the trustee. 57 Am.Jur., Wills, Section 1144. Florida courts have consistently followed this practice. Roberts v. Mosely, 1930, 100 Fla. 267, *877 129 So. 835; Marshall v. Hewett, 1945, 156 Fla. 645, 24 So.2d 1; Iles v. Iles, 1947, 158 Fla. 493, 29 So.2d 21.
In summary we quote the happy language of Surrogate Wingate in the case of In re Montgomery's Estate, Sur. Kings County 1938, 166 Misc. 347, 2 N.Y.S.2d 406, 415:
"It must be apparent from this review, unfortunate as such a conclusion may be, that the art of testamentary interpretation is very far from an exact science and that the particular result attained in a given case will largely be determined by the individual predilections or prejudices of the particular perplexed judicial officer who may be called upon to pass judgment on the question. This, in turn, like other human expressions of opinion, will, no doubt, be influenced on occasion by his immediately preceding post-prandial activities and his matitudinal repast.
"It is even conceivable that in some minds a suspicion may arise, unjust as this might be, that the vaunted canons of constructions are, in some instances at least, rather apologetics for a determination already reached than rationes decidendi for one in process of attainment.
"In last analysis, therefore, there would seem to be no alternative for a court faced by the necessity of interpreting the terms of a will than to attempt to place himself in the armchair of the testator in question (Boyes v. Cook, L.R. 1880, 14 Ch.Div. 53; Fell v. McCready, 236 App.Div. 390, 406, 259 N.Y.S. 512) and, with the background of the disclosed facts respecting his situation, to attempt to determine what he, himself, if in a like situation, would have desired to effect by the language used in the will."
In the light of the above we approach the propriety of using the summary decree procedural device by pointing out at the outset, that neither the one deposition nor the affidavits referred to in the motion papers in any manner touched upon or attempted to develop the necessary background facts. For all practical purposes, therefore, the decree below was rendered on the pleadings themselves as if involved was solely a question of law that could be conclusively resolved by resort to and use of one or more of the various canons of construction. By so doing, essential sources of enlightenment as to the intent of the testatrix were not availed of and therefore the doubts and uncertainties were only partially resolved.
We do not mean to hold that following a development of the essential factual background summary final decree would be inappropriate, but we do hold that where the essential inquiry is concerned with one's intent, although the evidentiary facts may not be in dispute, and such intent can better be arrived at by a consideration of all the facts and circumstances it is error to utilize the summary procedure until there has been a proper development in the record of such facts and circumstances. Obviously the traditional mode would be a formal hearing before the chancellor on the merits or a trial by jury. We do not confine the proper procedure to such mode but leave that to the discretion of the court below and point out that the summary decree procedure is sufficiently flexible to provide for an adequate development of the factual background.
The authorities dealing with kindred problems under the Federal Rules of Civil Procedure rule 56, 28 U.S.C.A., support the correctness of this view. Palmer v. Chamberlin, 5 Cir., 1951, 191 F.2d 532, 540, 27 A.L.R.2d 416. The Court of Appeals held in that case that the court should decline to grant a motion for a summary judgment until the facts and circumstances have been sufficiently developed "to enable the Court to be reasonably certain that it is making a correct determination of the question of law". That having been done, the proceedings on the motion comprising *878 385 printed pages of the transcript, the granting of the summary judgment was affirmed.
The case before us is a typical one in which, while there is no genuine issue of fact involved, an inquiry into the facts is desirable to clarify the application of the law. See Stevens v. Howard D. Johnson Co., 4 Cir., 1950, 181 F.2d 390. We believe that it was not only desirable but essential in the case at bar to have an inquiry into the facts and that only upon such proper inquiry can either the court below or this court be in a proper position to determine the intent of the testatrix. At least, we shall have exhausted all means at our command to give us reasonable assurance that the ultimate decision is correct as a matter of law.
We therefore reverse and remand the cause for further proceedings not inconsistent with this opinion.
Reversed.
KANNER, C.J., and ALLEN, J., concur.