### BLOCK v. McLAUGHLIN, et al.
No. 61-C-13703.

Circuit Court, Dade County.

March 2, 1962.

Lemelman & Lehrman, Miami, for plaintiff.

Richard F. Ralph, Miami, for defendants.

PHILLIP GOLDMAN, Circuit Judge.

This cause is presently before the court on *motions for summary decree* filed on behalf of the plaintiff and the defendants. Both motions are accompanied by affidavits and, of course, purport to be founded upon the pleadings, depositions and admissions on file.

The court has examined the record (pleadings, affidavits and depositions), as well as the very excellent briefs submitted by the parties, and concludes that, except for the defendant Ralph's motion, all motions for summary relief must be denied.

In so ruling the court is not passing upon the merits and no such interpretation should be placed upon this order or any portion of it.

Although there is a temptation, when all parties move for summary relief in chancery, to take the "bull by the horns" and consider the matter as though it were a "trial by deposition and affidavit", the fact remains that any such action by a chancellor is highly irregular (in the absence of consent by the parties) and not within the ken of the rule authorizing and establishing the procedure for summary relief — Rule 1.36, Florida Rules of Civil Procedure. See Shaffran v. Holness (Fla. 1957), 93 So.2d 94, Pancoast v. Pancoast (Fla. App. 1957), 97 So.2d 875.

In the instant case the pleadings, affidavits and depositions clearly establish the existence of genuine issues as to material

facts, or, at a bare minimum, they establish that conflicting inferences may be drawn from many facts which may otherwise appear to be undisputed. See, e.g., Baskin v. Griffith (Fla. App. 1961), 127 So.2d 467.

As alluded to above the motion on behalf of the defendant Ralph stands on a different footing. So far as the record reveals here all of the activities of the defendant Ralph were performed in his capacity as attorney for the defendant McLaughlin. This is not disputed. The court has carefully examined plaintiff's brief and it fails to demonstrate a basis for holding the defendant Ralph personally liable. Hence his motion will be granted. However, this action should not be construed as relieving the defendant Ralph from the obligations imposed upon him, in his capacity as an attorney-at-law, by order of this court on December 28, 1961.

The premises considered it is ordered as follows — (1) The plaintiff's motion for summary decree is denied. (2) The defendant McLaughlin's motion for summary decree is denied. (3) The defendant Ralph's motion for summary decree is granted and the defendant Ralph is dismissed as a party defendant from this proceeding.