SHANNON, Acting Chief Judge.
This is an appeal by the defendant from an adverse judgment in a suit on a contract. The trial judge held that the plaintiff was ■entitled to recover $3,000.00, representing the unpaid balance due.
The defendant-appellant has raised four points on appeal. Finding merit in one of the points, we reverse, but express no opinion as to the other issues, which are rendered either moot or premature by this decision.
The contract sued upon was incorporated by reference into the complaint. Paragraph III of the complaint alleged:
“That by the terms of said agreement Defendant became liable to pay Plaintiff the total sum of $6,000.00 no later than November 15, 1961, in the manner set forth in said agreement.”
The defendant’s answer admitted the above allegation. Our examination of the record reveals no pre-trial conference, stipulation, or other agreement, as to the issues raised by the pleadings. On the day of the non-jury trial, and immediately preceding the presentation of the evidence, the trial judge stated that he construed the pleadings as containing an admission by defendant that it was liable for the payment of $6,000.00 under the terms of the contract. Defendant’s counsel promptly took issue with this interpretation, contending that the admission to paragraph III of the complaint was only an admission of liability for those sums due “in the manner set forth in the contract.” Defendant argued that the contract provided the formula for computing the total sum which would be due under the contract, payment being based on the rate of $60.00 for each home sold, up to a maximum of 100 homes, and that as a condition precedent to the recovery of the full $6,000.00 the plaintiff would have to prove that 100 homes had been sold. The trial judge, however, denied defendant’s motion to amend the answer. Consequently, at the trial, questions concerning the plaintiff’s entitlement to the whole $6,000.00 were not permitted on the ground that they were irrelevant.
We hold that the trial judge clearly abused his discretion by not allowing the answer to be amended, when it became evident that his construction of the pleadings was drastically different from that of the defendant. Fla.R.Civ.P. 1.15(b), 30 F.S.A., provides in part:
“* * * If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings the court may allow the pleadings to be amended to conform with the evidence; and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.”
Our holding here is not meant to stand for the proposition that it is error to deny leave to amend every time a party disagrees with a judge’s interpretation of *516 the pleatjlings. In this case, however, the paragraph of the complaint which was admitted by the answer referred to sums due “in the manner set forth in said agreement.” Rule 1.10(b) of the Rules of Civil Procedure provides, in part, that: “Any exhibit aittached to a pleading shall be considered ¡a part thereof for all purposes. * * * » The i<ey provision of the contract in this case states as follows:
“IN CONSIDERATION THEREOF, the sa .d party of the second part agrees as fol'ows:
“To pay to the said party of the first part t ie sum of Six Thousand Dollars ($6,000.00) for the first one hundred (100) of such homes sold, at the rate of Sixty Dollars ($60.00) per home, payable upon closing date of the sale thereof; provided, however, that said amount of Six Thousand Dollars ($6,000.00) shall be paid no later than November 15, 1961.”
Being more specific than the allegation of the complaint, this provision is controlling and any admission made to paragraph III of the complaint is an admission to this part of the contract. However, from this provision, we are unable to determine whether the sum of $6,000.00 was to be due regardless of the number of houses sold, or whether the only sums accruing would be amounts computed at $60.00 per home sold, up to a maximum of $6,000.00. Since this quoted provision is patently ambiguous, the admission is likewise ambiguous and could not be summarily decided without there being some evidence as to the intent of the parties. Compare In Re Estate of Pitakos, Fla.App. 1966, 183 So.2d 696; Watkins v. First National Bank in Fort Myers, Fla.App.1966, 183 So.2d 575. See generally, 17 Am.Jur. 2d, Contracts, Secs. 241-46. For this reason, the trial judge erred in arbitrarily construing the admission and in refusing defendant’s motion to amend its answer.
Since the refusal to amend foreclosed the defendant from showing at trial that the plaintiff had failed to comply with the condition precedent contended to be necessary for recovery, substantial prejudice resulted. Accordingly, the judgment appealed is reversed, and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
LILES and PIERCE, JJ., concur.