311 So.2d 376 (1975)
In re ESTATE of Edward A. FREDERICKS, Deceased.
Edward A. FREDERICKS, Jr., Appellant,
v.
SHRINERS HOSPITALS FOR CRIPPLED CHILDREN, INC., and John A. Rhoades, Jr., Executor of the Estate of Edward A. Fredericks, Deceased, Appellees.
No. 74-884.
District Court of Appeal of Florida, Second District.
April 23, 1975.
*377 Dennis P. Thompson, Richards, Nodine, Gilkey, Fite, Meyer & Thompson, Clearwater, for appellant.
William M. MacKenzie and William J. Castagna, McKenzie, Castagna, Bennison & Gardner, Clearwater, for appellees.
GRIMES, Judge.
Edward A. Fredericks executed his will on November 23, 1970. The portions of his will pertinent to this case read as follows:
"THIRD. All the rest, residue and remainder of my estate, whether real property, personal property or mixed, of whatever nature and wheresoever situate of which I may die seized or possessed, or which I may own or have any interest in at the time of my death, I give, devise, and bequeath to my wife, EVA W. FREDERICKS, provided that my said wife shall survive me.
"FOURTH. In the event that my wife, EVA W. FREDERICKS, should predecease me or we shall be killed in a common accident or as a result of a common disaster or under such circumstances that it will be impossible to determine which of us died first, it shall be presumed that my wife predeceased me, and this presumption shall apply throughout this Will. In case this common disaster occurs, or my wife, EVA W. FREDERICKS, predeceases me, and in lieu of Paragraph THIRD, I then give, devise, and bequeath my entire estate, real, personal or mixed, wheresoever situate of which I may die seized or possessed, or to which I may be or become in any way entitled to have any interest, to the SHRINER's HOSPITAL FOR CRIPPLED CHILDREN of Greenville, South Carolina, for such purposes as they feel appropriate under the circumstances then existing."
Mr. Fredericks and his wife, Eva, were divorced on May 10, 1973. Mr. Fredericks did not remarry. On June 19, 1973, he died survived by his former wife, Eva. After his will was admitted to probate, his son and sole heir at law petitioned the court for a determination of beneficiaries. The court entered an order determining that the Shriner's Hospital for Crippled Children was entitled to the "residuary estate ... upon distribution." The decedent's son instituted this appeal.
When the decedent died without changing his will, Fla. Stat. § 731.101 (1973) came into play. This statute provides:
"731.101 Will void as affecting a surviving spouse of a marriage that has been dissolved.  All wills offered for and admitted to probate subsequent to *378 June 11, 1951, made by husband or wife whose marriage to each other has been dissolved subsequent to the date of said will shall be made null and void by means of said dissolution of marriage insofar as said will affects the surviving spouse whose marriage to the testator has been dissolved."
Clearly, Eva cannot take under the will. The gift to her is void. The question posed then is whether the gift passes to the Shriner's Hospital as contingent beneficiary or whether it passes to appellant by way of intestacy. Relying on In re Levy's Estate, Fla.App.3d, 1967, 196 So.2d 225, appellant argues that Shriner's Hospital cannot be a residuary legatee or devisee. We need not decide whether paragraphs Third and Fourth (which contain the only gift in the will) are a residuary clause or whether they constitute a specific bequest, thereby leaving the will without a residuary clause, as was held in Levy. Either way, Shriner's Hospital can only take as a contingent beneficiary; otherwise, the gift passes to appellant as the sole heir at law.
Appellant contends that the gift to Shriner's Hospital was expressly contingent on Eva's predeceasing the testator and that, since Eva did not predecease the testator, the condition precedent to Shriner's entitlement never occurred. Shriner's on the other hand, argues that testator's divorce from Eva was equivalent to her civil death, at least insofar as the testator's will is concerned, and that the testator clearly intended Shriner's Hospital to take if Eva could not.
There are two Florida decisions bearing strongly on this case. The first supports appellees' position. In Iles v. Iles, 1947, 158 Fla. 493, 29 So.2d 21, the testator devised "Unto my beloved wife, Pauline Iles, in case she survives me, and not otherwise" all of his real estate in the State of Florida. Another provision stated that "in the event my said wife, Pauline, does not survive me and I leave lawful issue from my body surviving" the issue should receive his estate. The testator further provided "in case my said wife, Pauline, should not survive me and I leave no lawful issue of my body surviving" his Florida real estate should go to his brother, Malvern W. Iles. Subsequent to the excution of this will, the decedent and his wife were divorced. Upon his death, the issue was whether the Florida real estate went to the decedent's ex-wife or to his brother. At this time § 731.101 had not been enacted. Nevertheless, the Supreme Court ruled in favor of the brother, holding that even though Pauline outlived him, she did not survive him as his wife and the legacy lapsed. In essence, the court adopted the rule which was later enacted into legislation as § 731.101. The case is not precisely on point because the controversy was between a contingent beneficiary and the ex-wife rather than a contingent beneficiary and an heir at law. Nevertheless, the language of the decision clearly indicates that brother, Malvern, was entitled to the property by virtue of being named as a contingent beneficiary and not through intestacy.
On the other hand, the case of In re Estate of Guess, Fla.App.3d, 1968, 213 So.2d 638, favors the appellant. There, the testator left a will in which after directing the payment of debts and after making one bequest he left the remainder of his estate as follows:
(a) If his wife, Katherine, survived him, and no issue of their marriage survived, all to Katherine.
(b) If his wife, Katherine, survived him and issue of their marriage survived, one-half to Katherine and one-half to the issue.
(c) If his wife, Katherine, predeceased him and issue of their marriage survived, all to the issue.
(d) If his wife, Katherine, predeceased him and no issue of their marriage survived, all to other designated beneficiaries.
Following the execution of the will, the testator and Katherine were divorced. *379 They subsequently remarried, and he thereafter died. The lower court concluded that the remarriage had vitiated the provisions of § 731.101 so that Katherine could take under the will. The District Court of Appeal reversed, holding that the remarriage was inoperative to renew the provisions rendered null and void by the divorce. In effect, the court held that since his wife, Katherine, had survived the testator and because issue of their marriage had also survived, clause (b) was the effective provision; however, the one-half that Katherine could not take because of the statute passed by intestacy to the decedent's heirs at law. As in Iles, the case did not involve a dispute between a contingent beneficiary and an heir at law. Guess may be further distinguishable from the case sub judice in that Mr. Guess' wife, Katherine, did survive him as his wife.
The issue in this case has been squarely decided in a number of jurisdictions throughout the country. There is substantial authority for both positions. Illustrative of the cases supporting the appellees' point of view is First Church of Christ, Scientist v. Watson, 1970, 286 Ala. 270, 239 So.2d 194. In that case, the will clause in question read as follows:
"`"I give, devise and bequeath all of my property, real, personal and mixed, wheresoever located to my beloved wife, Lillie Grice Watson, to have and to hold as her property absolutely; provided that she lives to survive me for a period of (30) thirty days; but in the event of her death prior to the end of said period, then to The First Church Of Christ, Scientist, Boston, Massachusetts."'"
The testator and Lillie Grice Watson were divorced on January 27, 1969, and he died twenty-two days later. Ms. Watson survived the testator for more than thirty days. Alabama had a statute similar to Fla. Stat. § 731.101. The Alabama Supreme Court ruled that even though Lillie Grice Watson outlived the testator, she did not survive him as his widow, citing Iles. Referring to the presumption that a testator intends to dispose of his entire estate by his will rather than dying intestate as to any portion of his property, the court concluded that the intent of the testator was to leave the property to the church if his wife was not in a position to inherit.[1]
There is equally respectable authority supporting appellant's view. For example, In Volkmer v. Chase, Tex.Civ.App. 1962, 354 S.W.2d 611, the decedent left a will providing that if his wife, Vivian Eleena Chase, predeceased him, his property should go into a testatmentary trust. Thereafter, he and Vivian Eleena were divorced, and then he died. Texas had a statute similar to our § 731.101. The court concluded that since Vivian Eleena outlived the testator, the contingency necessary to bring the contingent bequest into effect had not occurred, so the decedent's assets passed by intestacy.[2]
Faced with a choice between Iles and Guess, we are of course, bound to follow the Supreme Court. Yet, even if Iles is distinguishable, we are inclined to prefer its rationale. In the final analysis, we are endeavoring to determine the intent of the testator. In our judgment, the applicable provisions of the will manifest a clear intention on the part of Mr. Fredericks to prefer his wife first, but after her the Shriner's Hospital for Crippled Children. The divorce took the wife out of the picture just as surely as would her death. If his wife wasn't going to take under the will, it is evident that he wanted to leave his property to the Shriner's Hospital.
In view of our holding, it is not necessary for us to pass upon appellees' cross-appeal *380 directed to the propriety of the court having excluded testimony proffered "to clarify the latent ambiguity" in the will.
Affirmed.
BOARDMAN, Acting C.J., and SCHEB, J., concur.
NOTES
[1] For additional decisions supporting appellees' position, see Peiffer v. Old National Bank & Union Trust Co., 1931, 166 Wash. 1, 6 P.2d 386; Steele v. Chase, Ind. App. 1972, 281 N.E.2d 137.
[2] See also In re Will of Lampshire, 1968, 57 Misc.2d 332, 292 N.Y.S.2d 578; In re Estate of Rosecrantz, 1924, 183 Wis. 643, 198 N.W. 728; In re Estate of McLaughlin, Wash. 1974, 523 P.2d 437.