340 So.2d 107 (1976)
ESTATE OF Francis R. MURPHY.
No. 47954.
Supreme Court of Florida.
November 30, 1976.
*108 Thomas E. Warner, of McRoberts & Warner, Stuart, for appellant.
James F. Littman, Stuart, for appellee.
HATCHETT, Justice.
On June 18, 1969, at the age of 64, Francis R. Murphy, a widower, married Roberta A. Murphy. When he died on December 5, 1974, he was survived by Mrs. Murphy and by a grown son, the issue of his first marriage. The widow and the son disagree as to the proper construction of his will. The son has appealed the trial court's final summary judgment. We have jurisdiction of the appeal because the trial court entered a judgment "construing a provision of the state ... constitution." Article V, Section 3(b)(1), Florida Constitution. The trial court construed Article X, Section 4(c), Florida Constitution. In pertinent part, this provision reads:
The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child... .
Appellant Francis R. Murphy, Jr., has attained his majority and was not a "minor child" at any time relevant in these proceedings.
Francis R. Murphy, Sr., executed his will on November 29, 1971.[*] At that time he lived with his wife in an apartment in the Regency Towers Condominium in Fort *109 Lauderdale, and the apartment was the subject of a specific devise in the will. When Mr. Murphy sold the Regency Towers apartment, the specific devise of the apartment was extinguished by ademption. By the time of Mr. Murphy's death every other specific legacy in his will had also been adeemed. After Mr. Murphy had executed his will and after he had sold his Fort Lauderdale condominium, he acquired in his own name only Unit D-105 in Miles Grant Condominium No. 1 in Stuart. Until Mr. Murphy's death, Mr. and Mrs. Murphy lived at the Miles Grant Condominium.
The parties agree that Unit D-105 is homestead property. The dispute is over whether Mrs. Murphy takes fee simple title to Unit D-105, or whether she takes a life estate only, the remainder going to the son. In the court below, the widow successfully maintained that the residuary clause of the will should govern disposition of this apartment. The son contends that homestead property is not part of the probate estate and cannot, therefore, pass under a clause in a will directing disposition of the "entire remaining estate, both real and personal."
The son also points out that his father executed his will before the Constitution permitted the devise of fee simple title to homestead property to a spouse, when children also survived. But the mere "execution of the will passes no estate, vests no title, creates no interest or right." Mays v. Burleson, 180 Ala. 396, 61 So. 75, 76 (1913). A will speaks as of the time of the death of the testator. "In construing a will, it is the intention which the testator expresses in the will that controls and not that which he might have had in mind when the will was executed. Howe v. Sands, 141 Fla. 813, 194 So. 798." Iles v. Iles, 158 Fla. 493, 29 So.2d 21, 22 (1947). The testator in the present case cannot be said to have had any intention whatsoever regarding Unit D-105 when he executed his will. His intention with respect to after acquired property he expressed in the residuary clause.
While it is true that homestead property is not chargeable with the decedent's debts or with costs of administration, In re Nobel's Estate, 73 So.2d 873 (Fla. 1954); Spitzer v. Branning, 135 Fla. 49, 184 So. 770 (1938); Raulerson v. Peebles, 77 Fla. 207, 81 So. 271 (1919); Baker v. State, 17 Fla. 406 (1829), the Constitution specifically provides that "the homestead may be devised to the owner's spouse if there be no minor child." Florida Constitution, Article X, Section 4(c). Appellant concedes as much but argues that we should lay down judicially a requirement that any devise of homestead be a specific devise and rule that a residuary clause is ineffective to pass homestead property. Unquestionably a specific devise is to be preferred, but in the absence of a specific devise, we conclude that the general language of a residuary clause is a sufficiently precise indicator of testamentary intent.
The judgment is affirmed.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[*] In pertinent part, the will provides:

I, FRANCIS R. MURPHY, a resident of Broward County, Florida, do hereby make, publish and declare this to be my Last Will and Testament... .
* * * * * *
ARTICLE II. BEQUEST TO SON:
I hereby make the following bequests to my son, FRANCIS R. MURPHY, JR., or his heirs:
(1) Two lots that I own in Cape Coral, Florida;
(2) All stocks and other securities that I own in my name alone.
ARTICLE III. BEQUEST JOINTLY TO MY SON AND WIFE:
I hereby make the following bequests jointly to my son and wife, ROBERTA A. MURPHY:
(1) The 1967 32' Corinthian Express Boat;
(2) Apartment No. # 502 located in the Regency Towers Condominium. My wife is to have a life estate with my son having the remainder interest.
(3) The first mortgage that I hold on Apartment # 306 in the Ocean Summit Condominium also located in Fort Lauderdale, Florida. This mortgage was given to me on November 10th, 1969, in the original amount of $25,000 for a period of twenty (20) years.
My wife is to have a life estate in this mortgage so that she will have sufficient funds to pay all charges connected with my Apartment # 502 in the Regency Tower. My son is to have a remainder interest in this mortgage.
ARTICLE IV. REMAINDER ESTATE TO WIFE:
I hereby leave my entire remaining estate, both real and personal, to my wife, ROBERTA A. MURPHY, provided that she survives me by at least ninety (90) days. If she fails to survive me for this period of time, then I direct that my entire remaining estate go to my son or his heirs.
ARTICLE V. APPOINTMENT OF EXECUTOR:
I hereby appoint as Executrix of my Will, my wife, ROBERTA A. MURPHY, and direct that she shall serve without bond. In the event she fails to qualify then I appoint as Alternate Executor my son, FRANCIS R. MURPHY, JR., and direct that he shall serve without bond... .