SCHEB, Chief Judge.
The question we must decide in this case is whether a devise of a homestead is controlled by Article X, section 4, of the Florida Constitution as written when the testator executed his will, or as written at the time of the testator’s death.
Floyd Jones executed his will on February 10, 1972, devising all of his estate to his wife, Ellen J. Jones. Mr. Jones died on October 27, 1980. At the time of his death, he owned homestead real property on which he resided with his wife, who survived him. He was also survived by five children, the youngest of whom was 22.
Tommy Jones, one of the decedent’s children, filed suit seeking to declare the property on which his father resided to be homestead property, not subject to devise. Ellen Jones, as personal representative of her husband’s estate, contested the claim. The trial court found the decedent’s will validly disposed of the property and awarded Mrs. Jones fee simple title to it.
At the time Mr. Jones executed his will in February 1972, Article X, section 4, of the Florida Constitution provided that, “[t]he homestead shall not be subject to devise if the owner is survived by spouse or minor child.” On November 7, 1972, that provision was amended to provide that, “[t]he homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner’s spouse if there be no minor child.” (Emphasis supplied.)
*388 We think the determination of this issue is controlled by Estate of Murphy, 340 So.2d 107 (Fla.1976). There, the supreme court noted that executing a will does not vest any title or create any interest or right. The court stated:
A will speaks as of the time of the death of the testator. “In construing a will, it is the intention which the testator expresses in the will that controls and not that which he might have had in mind when the will was executed. Howe v. Sands, 141 Fla. 813, 194 So. 798.” Iles v. Iles, 158 Fla. 493, 29 So.2d 21, 22 (1947).
Id. at 109.
Appellant’s contention that the constitutional provision in effect at the time of the will’s execution controls is unavailing. The former constitutional provision conferred no vested right upon appellant as his interest as a child of the testator could not vest until the will became effective — at the testator’s death. We agree with the trial court that Mr. Jones’ will clearly evidenced his intent that all his property was to go to his wife at his death. Upon his death the constitution permitted him to devise the homestead property to his wife. Since a will must be construed consistently with the testator’s intent unless the law prohibits the devise, we hold Mrs. Jones was entitled to the homestead property.
AFFIRMED.
GRIMES and SCHOONOVER, JJ., concur.