SCHOONOVER, Judge.
This is an appeal from a judgment holding that homestead property that was ineffectively devised in a will did not become part of the testator’s residuary estate and, therefore, descended to the testator’s spouse and adult children pursuant to section 731.-27, Florida Statutes (1973). We affirm.
In 1964, John C. Mueller and Lois Mueller, his wife, built a home on a lot that was owned at all times pertinent to this appeal by Mr. Mueller, individually. From that *785 time until his death the property constituted Mr. Mueller’s homestead within the meaning of article X, section 4(c) of the Florida Constitution.
Mr. Mueller died testate on October 31, 1975, leaving his wife, Lois Mueller, (now deceased) and his two adult children by a previous marriage, William L. Mueller and Blanche L. McDonald, appellees, as his heirs.
Items 4 and 5 of Mr. Mueller’s will provided as follows:
ITEM 4. I will, devise and bequeath all of my real estate to my wife, LOIS MUELLER, for her lifetime and at her death to my children WILLIAM L. MUELLER and BLANCHE L. MCDONALD in equal shares. If either of the above shall predecease me and/or my said wife, I will, devise and bequeath his or her share to my surviving child.
ITEM 5. I will, devise and bequeath all of the rest and residue of my estate to my beloved wife, LOIS MUELLER, the same to be hers absolutely and in fee simple.
After Mrs. Mueller’s death, intestate, on March 2,1980, a dispute over the ownership of the homestead property arose between her heirs at law and Mr. Mueller’s children.
All interested parties entered into an agreement to sell the property and hold the proceeds in escrow pending a court determination of the effect of Mr. Mueller’s will upon title to the property.
The trial court entered an order holding that the specific devise of the homestead property contained in Item 4 of Mr. Mueller’s will was not valid and that upon his death the property descended to Lois Mueller for life with the remainder to William L. Mueller and Blanche L. McDonald, appel-lees.
The appellants, four of Mrs. Mueller’s five heirs at law, filed this appeal from that order.
All parties agree that the specific devise of the homestead under Item 4 of the will was void because the Florida Constitution prohibits a testator from devising less than a fee simple interest in homestead property to his surviving spouse. In Re Estate of Finch, 401 So.2d 1308 (Fla.1981).
The appellants contend that since the devise was void, the homestead property became a part of the residuary estate pursuant to section 731.20, Florida Statutes (1973), and under Item 5 of Mr. • Mueller’s will a fee simple estate in the property was devised to Mrs. Mueller.
The appellees contend that since the devise was void, the property descended to them pursuant to section 731.27.[1]
We agree with the appellees.
Homestead property can be devised in a residuary clause of a will. Estate of Murphy, 340 So.2d 107 (Fla.1976). However, in the case sub judice the property never became part of the residuary estate and therefore descended pursuant to section 731.27.
Section 731.20(2) provides:
If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or dev-isee unless a contrary intent is expressed by the testator in his will.
Mr. Mueller expressed a clear intent to leave his wife a life estate in his homestead property and not a fee simple estate which would result if the property were to become a part of the residuary estate. Because of the constitutional limitations upon the devise of homestead property, his intent was frustrated. However, even though the devise was ineffective, his intent was not contrary to the law or public policy and, therefore, it is our duty to insure that his intent is carried out. State v. North, 159 Fla. 351, 32 So.2d 14 (1947).
*786 We accordingly hold that the intent expressed in Item 4 of Mr. Mueller’s will was a sufficient expression of his intent to prevent the property from becoming a part of his residuary estate pursuant to section 731.20(2) and that the property descended to the appellees pursuant to section 731.27.
Affirmed.
OTT, C. J., and GRIMES, J., concur.

. Section 731.27, Florida Statutes, reads as follows:
Descent of homesteads. The homestead shall descend as other property; provided, however, that if the decedent is survived by a widow and lineal descendants, the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent.