FERGUSON, Judge.
The deceased, Iraida G. Mesa, executed a will and codicil creating trusts, from specified percentages of her residuary estate, for the benefit of seven of her relatives who are citizens and residents of Cuba. The second paragraph of the codicil provides that if any of the dispositions to the Cuban relatives shall
become blocked or otherwise not distributable to the named beneficiaries by reason of Title 31 Chapter V, United States Code, 31 CFR Part 515 or any other similarly applicable provision of State or Federal Law, then it is my wish that such disposition be null and void and that such shares of residuary estate be added to the dispositions of Paragraph H of article FOURTH of my will, and distributed according thereto.
Edward I. Golden, as guardian ad litem for the Cuban national beneficiaries, commenced this action in the probate court on an Amended Petition to Construe Portion of Will and Codicil. After an evidentiary hearing, the court entered an order finding:
2. That the intent of the testatrix was that the bequests under Paragraph G of Article Fourth of the Will to the Cuban National beneficiaries were to be placed in trusts in a separate blocked account for each Cuban National beneficiary, giving each Cuban National beneficiary ten (10) years from the date of the Testatrix’ death to claim the bequest.... Further, that the intent was that if any Cuban National beneficiary was to die prior to receiving such distribution, or if at the end of this ten (10) year period any of the blocked accounts would not have been distributed to the Cuban National beneficiaries, the interest of the Cuban National beneficiary would terminate and title would pass to the beneficiaries named in Paragraph H of Article Fourth of the Will....
Lyle D. Lieberman, the personal representative of Mesa’s estate, appeals the probate order contending, as a principal issue, that the validity of the codicil must be tested as of the date of the decedent’s death and that, on that date, the bequest to the Cuban national relatives was null and void because it was blocked by federal law. Further, he alleges that the attempt by the testatrix to suspend the distribution for a ten-year period is also a nullity. We disagree.
When the codicil was executed, Mesa was aware of Title 31, Chapter V, United States Code, 31 C.F.R. Part 515— the Cuban Assets Control Regulations. According to the attorney who drafted the documents, Mesa purposely set up blocked trust accounts for the individual foreign relatives so that they could receive their bequests if the legal impediments to a distribution were removed within a ten-year period. There is no authority for the proposition, advanced by the personal representative, that the devise to a trust where Cuban nationals are named beneficiaries is void, ab initio, as to those beneficiaries even though distribution is suspended for a term of years. The purpose of the relevant Act is, inter alia, to prohibit the transfer or exportation of United States currency, securities, or precious metals to Cuba, or to Cuban nationals, except as may be specifically authorized. See Cuban Assets Control Regulations, 31 C.F.R. § 515.201 (1983).
A will must be construed consistently with the testator’s intent unless the law prohibits the devise. Jones v. Jones, 412 So.2d 387 (Fla. 2d DCA 1982). It is clear that Mesa’s intent was to allow the appellees ten years to claim their bequests. The trial court’s order correctly construed this will and codicil in order to carry out the testatrix’s unambiguous testamentary scheme while giving effect to all of its provisions. See Meszaros v. Holsberry, 84 So.2d 565 (Fla.1956).
Affirmed.