## IN RE: ESTATE OF GAY
Case No. 88-4631-CP

Fifteenth Judicial Circuit, Palm Beach County

August 30, 1989

### APPEARANCES OF COUNSEL

**Robert W. Goldman,** for petitioner.

**Freeman W. Barner, Jr,** for personal representative.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### ORDER DENYING PETITION TO DETERMINE HOMESTEAD REAL PROPERTY

THIS CAUSE came to be heard on August 9, 1989, on the Petition to Determine Homestead Real Property filed by Donna Lynn Utterback.

The facts of this case are uncontroverted. Clinton H. Gay died on November 24, 1988 and was domiciled in Palm Beach County, Florida at the time of his death. Mr. Gay was not survived by a spouse and his sold surviving lineal descendent is his daughter, Donna Lynn Utterback. Donna Lynn Utterback had reached the age of majority at the time of Mr. Gay's death.

At the time of his death, Clinton Gay owned and occupied the real property in dispute as his resident. Mr. Gay devised his residence to certain of his nephews, nieces, and other persons through the residuary clause of his Last Will and Testament, although the property was not specifically referred to therein.

Donna Lynn Utterback petitioned the Court for a determination that the property on which Clinton Gay resided was homestead and that the homestead was not subject to devise by the decedent, but descended to Donna Lynn Utterback by the laws of intestacy.

The parties have conceded for the purpose of this proceeding that the real property in question was homestead to Clinton Gay prior to his death. However, the fact that the property was homestead to the decedent during his life does not necessarily lead to the conclusion advanced by the Petitioner, that the property was not subject to devise by the decedent.

The Florida Constitution, in Article X, Section 4(c), provides that "[t]he homestead shall not be subject to devise if the owner is survived by a spouse or minor child . . ." Because Clinton Gay was not survived by a spouse and his only child was an adult at the time his death, he was free to devise the real property which had constituted his homestead during his life. Mr. Gay did in fact devise his homestead, albeit, through the residuary clause of his Last Will. Florida law is clear that homestead can be devised by the residuary clause of a will. *Estate of Murphy,* 340 So.2d 107 (Fla. 1976); *Estate of Mueller,* 419 So.2d 784 (Fla. 2d DCA 1982). Clinton Gay's homestead was, therefore, validly devised to the residuary beneficiaries of his estate.

As homestead, the property was exempt from forced sale by the creditors of Mr. Gay during his life. Art. X, § 4(a), *Fla. Const.* On the death of the owner of homestead property, the exemption from forced sale by the decedent's creditors inures to the surviving spouse or the heirs of the owner. Art. X, § 4(a)(2), *Fla. Const.* Section 731.201(18), Florida Statutes, defines "heirs" as those persons entitled to the decedent's property under the statutes of intestate succession. *Public Health Trust of Dade County v Lopez,* 531 So.2d 946 (Fla. 1988). The devisees of Clinton Gay's homestead, the residuary beneficiaries, would not be entitled to the property under the laws of intestacy and, therefore, were not "heirs" of Clinton Gay. For this reason, the decedent's residence lost its homestead character, and the protection from the decedent's creditors, upon his death.

If a testator devises homestead property to persons other than those who would have received the property had the decedent died intestate,

**158**

the property's protection from creditors is lost. On the other hand, if the homestead is devised to persons who would have been entitled to the property had it passed by intestate succession, the protection from creditors is preserved. *See Lopez*, 531 So.2d at 951. The *Lopez* case involved a testate estate, although the opinion fails to point this out, and, contrary to the facts of our case, the homestead property was devised to the "heirs" in the residuary clause of Nereida Lopez' will. In our case, the decedent's residence was property devised to non-heirs and, consequently, the homestead protection from creditors terminated at the decedent's death.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that the Petition to Determine Homestead Real Property is denied.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida this 30th day of August, 1989.